THE PEOPLE *ex rel.* Raymond, County Treasurer,

*v.*

G. F. WHIDDEN *et al.*

*Opinion filed June 19, 1901—Rehearing denied October 10, 1901.*

1. SPECIAL ASSESSMENTS—*proper objections arising after confirmation are available on application for sale.* Objections of a nature to annul the judgment of confirmation and defeat the assessment may be made upon application for judgment of sale, if the facts upon which they are based have arisen since judgment of confirmation.

2. SAME—*court of equity will control manner of performing work while it is in progress.* While the work upon a local improvement is in progress a court of equity has power to control the manner of its performance, upon the application of a property owner assessed to pay for the improvement, to prevent any substantial departure from the terms of the ordinance.

3. SAME—*when objection that improvement was not completed in accordance with ordinance is not available.* If the improvement is the one provided for in the ordinance, and it has been completed and accepted by the city authorities having power to determine whether the contract has been complied with, the objection that the im-

provement was not completed in accordance with the terms of the ordinance is not available upon application for judgment of sale, even though the contractor has not performed the work as well or with as good materials as the ordinance calls for.

4. SAME—*limits of rule that objections to manner of completing improvement are not available.* The rule that objections to the manner in which an improvement is completed are not available on application for judgment of sale does not extend to cases where the improvement authorized is changed for another, or where the city authorities accept a different improvement from the one for which the assessment was levied.

5. SAME—*honest fulfillment of public contract must be enforced by a direct proceeding.* While those assessed to pay for an improvement may compel the honest fulfillment of the contract therefor, yet it must be by a proceeding to enforce the performance of the duty which the city owes to the assessed property owners to see that the contract is performed in compliance with the ordinance.

MAGRUDER and HAND, JJ., dissenting.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

CHARLES M. WALKER, Corporation Counsel, and DENIS E. SULLIVAN, (SHOPE, MATHIS & BARRETT, of counsel,) for appellant:

A special assessment, after confirmation, for all purposes of collection is of the same character as a general tax which has received the sanction of a board of equalization or review. *White* v. *People,* 94 Ill. 604; *Riverside Co.* v. *Howell,* 113 id. 256; *Davis* v. *Litchfield,* 145 id. 313; *West Chicago Park Comrs.* v. *Baldwin,* 162 id. 87; *Railroad Co.* v. *Joliet,* 153 id. 649; *Brewster* v. *Peru,* 180 id. 124.

By statute a judgment of confirmation cannot be attacked other than by appeal or writ of error, except for want of jurisdiction in the court rendering it. Hurd's Stat. 1897, sec. 66, p. 369.

No objection to an assessment which does not go to the jurisdiction of the court, and which could have been made at the time of the confirmation proceedings, can be urged to the county treasurer's application for judgment for sale to enforce payment. *Johnson* v. *People,* 189 Ill. 83;

*Blount* v. *People,* 188 id. 538; *Fiske* v. *People,* id. 206; *Leitch* v. *People,* 183 id. 569; *Pipher* v. *People,* id. 436; *McManus* v. *People,* id. 391.

Where a local improvement, payable by special assessment or special taxation, has been constructed pursuant to legal confirmation proceedings and under a valid ordinance, there can be no defense to an application for judgment against delinquent property upon the ground that the improvement has not been made in accordance with the ordinance. *Ricketts* v. *Hyde Park,* 85 Ill. 110; *Craft* v. *Kochersperger,* 173 id. 617; *Callister* v. *Kochersperger,* 168 id. 334; *Fisher* v. *People,* 157 id. 85; *People* v. *Green,* 158 id. 594; *Shannon* v. *Hinsdale,* 180 id. 202; *Heinroth* v. *Kochersperger,* 173 id. 205.

The statute makes the board of local improvements the instrumentality by which the contract is let and its proper performance by the contractor secured, and through which the property owner has his remedy in case the work or material does not comply with the requirements of the ordinance or specifications. Its action and acceptance are conclusive upon the property owner. Hurd's Stat. 1897, secs. 77-85, pp. 371-375; *Ricketts* v. *Hyde Park,* 85 Ill. 110; *Callister* v. *Kochersperger,* 168 id. 334; *People* v. *McWethy,* 177 id. 341; *Heinroth* v. *Kochersperger,* 173 id. 205; *Haley* v. *Alton,* 152 id. 113.

HAMLINE, SCOTT & LORD, and GEORGE E. NEWCOMB, (JOHN H. HAMLINE, of counsel,) for appellees:

Where the improvement has been completed and accepted by the municipality, the property owner assessed therefor may, upon application for a judgment of sale, object that the improvement, in its nature, character, locality or description, differs from that called for by the ordinance. If the evidence supports the objection, the burden is then imposed upon the applicant to show that, notwithstanding such deviation as to its nature, character, locality or description, the improvement as made is

substantially that called for by the ordinance, and that such deviation has not operated to the injury of objector's property, and that the pavement as completed is not less beneficial to the objector's property than would be a pavement constructed in literal compliance with the terms of the ordinance as to nature, character, locality or description. Hurd's Stat. 1895, sec. 19, art. 9, p. 280; Hurd's Stat. 1899, secs. 8, 85, pp. 363, 380.

The statute does not permit the board of local improvements to waive these requirements. Dillon on Mun. Corp. (2d ed.) sec. 921, p. 1117; *Church* v. *People*, 174 Ill. 366; 179 id. 205; *Pells* v. *People*, 159 id. 580.

Objections have always been sustained, and for the same reason, where the ordinance does not distinctly state the nature, character, locality or description of the proposed improvement. *Cass* v. *People*, 166 Ill. 126; *Otis* v. *Chicago*, 161 id. 199; *People* v. *Hurford*, 167 id. 226.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county sustained objections of appellees to the application of the county treasurer for judgment against their real estate to satisfy the first installment, and interest on deferred installments, of a special assessment levied to pay the cost of paving West Lake street, in Chicago, between Ashland avenue and Western avenue, and denied said application for judgment.

The ordinance for the improvement provided for grading, and paving with vitrified brick, the roadway of said street forty-eight feet in width, together with the wings of intersecting streets and alleys, and specified particularly how and with what materials the improvement should be made. Application was made to the county court for the levy of the assessment to pay for the improvement, and it was levied and confirmed, and there is no question of the regularity of that proceeding. A contract for making the improvement according to the ordi-

nance was awarded to the Gaffney & Long Construction Company, and the improvement was completed and accepted by the city. The objections which were made and sustained were, that the improvement was not made and completed in the manner and with the quality of materials specified in the ordinance.

The ordinance provided that the curb walls then in place on each side of the roadway should be plastered on their street face, from their top surface down five feet. They were not so plastered, but were frequently plastered only in spots, or from two and a half to three and a half or four feet. The plaster was to be made of one part best quality of Portland cement and two parts clean, sharp, lake shore sand. The cement used in the plaster was not Portland cement. The ordinance called for a pavement twelve inches thick, and as laid it was not of that thickness throughout, but in some places was only eleven inches thick. The ordinance required a concrete foundation bed six inches thick, and a good part of it · was five to five and a half inches in thickness. The concrete was to be made of one part best Portland cement, three parts clean, sharp sand and seven parts broken limestone. The required proportion of cement was not used and the quality was not the best Portland. In almost the whole improvement no sand was used, but limestone screenings were used in the place of sand, with less cement and in greater proportion than the sand called for by the ordinance. The improvement as completed was not of the quality provided for by the ordinance, from the use of inferior materials, the want of thickness of the pavement and the failure to plaster the curb walls as required. The only question is whether these objections are available to the property owner on the application of the county treasurer for judgment.

If the objections are of a nature to annul the judgment of confirmation and defeat the assessment they may be properly made on the application, for the reason that

the facts upon which they are based have arisen since the judgment of confirmation. That judgment cannot be collaterally attacked except for matters going to the jurisdiction of the court rendering it, but the land owner is only concluded by it as to proceedings up to the time it is entered. All proper objections and defenses arising subsequently can be interposed to the application for judgment for sale. (*Boynton* v. *People*, 159 Ill. 553.) In this case, the property owners whose lands were specially assessed upon an estimate for a certain improvement did not receive as good an improvement as was provided for and estimated. It need not be said that they were entitled to have the improvement of equal quality and in substantial conformity with the provisions of the ordinance, and that the city of Chicago had no power to change it in any material respect. Neither are the laws so deficient that the property owners had no remedy for any departure from the provisions of the ordinance which would make the improvement less durable and beneficial to them. The law has charged the city authorities with the duty of seeing that a contract is let and performed in compliance with the terms of the ordinance. While the work is in progress and a court of equity can control the manner of its performance the court will interfere at the application of the property owner who has been assessed to pay for the improvement, to prevent any substantial departure from the terms of the ordinance and to enforce the duty of the city towards him. (*Fisher* v. *People*, 157 Ill. 85; *People* v. *Green*, 158 id. 594; *Callister* v. *Kochersperger*, 168 id. 334; *Heinroth* v. *Kochersperger*, 173 id. 205.) In this case no steps were taken to compel a compliance with the terms of the ordinance or to prevent a deviation from them. While the work was in progress, an alderman, in the interest of the property owners, employed a civil engineer to inspect the work and to make report to him. The engineer reported, from time to time, the failure of the contractor to perform the work accord-

ing to the specifications, and such failure was presented to the city authorities but without any substantial result. The question now is whether the objection, which could have been made by a bill for injunction before the work was completed, is admissible on the application of the county treasurer for judgment for sale.

The rule seems to be, that while the honest fulfillment of a contract for public work may be enforced by those who are assessed to pay for it, it must be by a proceeding to enforce the performance of the duty. If the improvement is the one provided for in the ordinance, and it has been completed and accepted by the city authorities invested with power to determine whether the contract has been complied with, the objection that it was not completed in compliance with the terms of the ordinance is not available. *Ricketts* v. *Village of Hyde Park*, 85 Ill. 110; *Fisher* v. *People, supra; People* v. *Green, supra;* Cooley on Taxation, 468.

The rule that objections to the manner in which an improvement is completed are not available on the application for judgment for sale does not extend to cases where the improvement authorized is changed for another, or where the city authorities accept a different improvement from the one for which the assessment was levied. A case of that kind was under consideration in *Pells* v. *People*, 159 Ill. 580. An ordinance was passed for the construction of a brick pavement in Market street, in the city of Paxton, sixty-one feet in width, and property was assessed to pay for it. After the assessment was confirmed by the county court the city council passed another ordinance which substituted a pavement fifty-three feet wide, and there was an attempt to enforce the judgment of confirmation as to one improvement to pay for the substituted improvement. The ordinance providing for a different improvement operated as an annulment of the original ordinance and the assessment made under it. It was held that the city could not abandon

the improvement provided for and substitute another and enforce the judgment of confirmation by a sale. Akin to that question was the one raised in *Church* v. *People*, 174 Ill. 366. In that case the assessment was levied to pay for a pipe sewer, which the ordinance required to be laid twenty-one feet from the line of South boulevard, in the town of Cicero. A sewer was laid five feet nearer to said south line, under a resolution of the board of trustees authorizing it to be laid in that place. It was held to be a question of fact whether the ordinance and judgment of confirmation were properly applicable to the sewer as constructed, or whether the authorities had accepted something else and less beneficial than the sewer provided for. The rule was there repeated that it is no defense to an assessment that the contract for the work was not performed according to its terms, but that a municipality cannot obtain authority to construct an improvement and assess an owner, and then construct another and different improvement and acquire a lien upon the property to pay for it. In this case the improvement was the identical one provided for in the ordinance, but the contractor failed to perform the work as well or with as good materials as the ordinance called for. The improvement as completed was the same vitrified brick pavement provided for by the ordinance, but it was not as good or beneficial to the property owners as they were entitled to. The evidence did not show that the improvement was a different improvement from that authorized by the ordinance, and the objections sustained could not be made on application for judgment after the work was completed and accepted.

The judgment of the county court is reversed and the cause remanded. *Reversed and remanded.*

MAGRUDER and HAND, JJ., dissenting.