AUGUSTUS N. GAGE *et al.*

*v.*

THE PEOPLE *ex rel.* Raymond, County Collector.

*Opinion filed December 18, 1901.*

1. SPECIAL ASSESSMENTS—*limits of rule that objection to manner of constructing improvement cannot be made on application for sale.* The rule that objections to the manner in which an improvement is completed are not available on application for judgment of sale does not extend to cases where the improvement authorized is changed for another or the city has accepted a different improvement from the one assessed for, but is confined to cases of imperfect construction of the authorized improvement.

2. SAME—*that a dirt roadway was constructed in place of macadam may be shown on an application for sale.* If the improvement authorized by a special assessment ordinance is for a thoroughly graded, curbed, guttered and macadamized roadway, it is competent to show in defense of an application for judgment of sale that the completed improvement was no more than a dirt roadway, imperfectly curbed, graded and guttered.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

GAIL E. DEMING, for appellants.

GEORGE W. HESS, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment and order of sale entered in the county court of Cook county on July 24, 1901, against the property of Augustus N. Gage and other appellants, for the first installment of a special assessment levied by authority of the village of Wilmette for improving Chestnut avenue and a portion of Twelfth street, in said village. The ordinance under which the improvement was made provides that the street "shall be graded, filled, curbed, guttered, macadamized and otherwise improved in accordance with the following plans

and specifications." Then follow specifications which are very full and complete, providing for a thoroughly graded, curbed, guttered and macadamized roadway.

The assessment was confirmed May 16, 1900. The first installment not having been paid, was returned by the county collector as delinquent, and application was made by him in July, 1901, for judgment and order of sale against appellants' property. They filed several objections, one of which is as follows: "Objectors say that the work done was not the work provided for in the ordinance, and the alleged improvement is a different and another improvement than the improvement ordered to be made by the ordinance directing the improvement," etc. To sustain the objections, appellants introduced the evidence of property owners and others, and of two civil engineers. The testimony of some of these witnesses was to the effect that the improvement was merely defectively and improperly constructed under the ordinance, but that of others, especially the civil engineers, we think tended to prove not only that fact, but also that the improvement made was another and different improvement from the one authorized by the specifications in the ordinance. In other words, their testimony, if it had been admitted, would have tended to prove that the roadway was not a macadam roadway, but was, as a matter of fact, no more than a dirt or mud roadway.

The objectors offered to prove by Jacob T. Foster and H. C. Alexander, the two civil engineers, that they were familiar with this kind of work, and had examined the improvement in question and were acquainted with the material of which it was constructed, and offered to show by them that the roadway as constructed was another and different one from that required by the specifications in the ordinance. The proof was refused and the testimony rejected. This ruling of the court was based upon his understanding of the rule announced in the case of *People* v. *Whidden*, 191 Ill. 374. The opinion in that case

does not sustain the ruling.   The true rule in all cases of this kind is announced by Judge Cooley in his work on Taxation, which we quoted with approval in *Church* v. *People,* 174 Ill. 366: "In general, no defense to an assessment that the contract for work has not been performed according to its terms is allowed. But this doctrine must be confined within the proper limits.   It cannot be extended to cover a case in which the authorities, after contracting for one thing, have seen fit to accept something different in its place, for if this might be done, the statutory restraint upon the action of local authorities in these cases would be of no more force than they should see fit to allow."   This rule is re-announced in the case of *People* v. *Whidden, supra,* in the following language: "The rule that objections to the manner in which an improvement is completed are not available on the application for judgment for sale does not extend to cases where the improvement authorized is changed for another, or where the city authorities accept a different improvement from the one for which the assessment was levied."   That is to say, the defense to an assessment that the work was not performed according to the terms of the contract cannot be made upon the application for judgment for a delinquent assessment, the remedy of the property holder in such case being by injunction prior to the acceptance of the work by the proper authorities; but if a contract is made for one improvement and another and different one constructed, the defense may be made whenever it is attempted to compel the property holders to pay for the same.   It is not always an easy matter to distinguish between the two classes of cases,— that is, to say when the evidence shows merely that the work has been defectively done in pursuance of the contract, and when that defect amounts to the making of a different improvement from the one authorized. If, however, an ordinance should provide for the improvement of a street by being paved with brick or cobble stone,

and a contractor should attempt to comply with that ordinance by macadamizing it, there would be no difficulty in holding that the improvement was a different one, and the property holder not liable, under the ordinance, to pay for the same. And so we think here, if appellant could have shown, on the hearing, that the improvement accepted by the city council was practically no more than a dirt roadway, imperfectly graded, curbed and guttered, they would have been protected against the payment of the delinquent assessment which was made for a properly macadamized street. In this view, at least a part of the testimony excluded upon the trial should have been admitted.

The judgment below will therefore be reversed and the cause remanded to that court, with directions to admit all such proper testimony as may tend to show that the improvement actually made was not the improvement authorized by the ordinance.

*Reversed and remanded.*