ANNIE M. YOUNG et al.

v.

THE PEOPLE ex rel. S. B. Raymond, County Treasurer.

196    603
e200   434
201    636

196    603
d203    32

*Opinion filed April 16, 1902—Rehearing denied June 10, 1902.*

SPECIAL ASSESSMENTS—*when improvement constructed is essentially different from the one authorized.* If a paving ordinance calls for a foundation layer six inches deep of the best quality of broken limestone, the board of improvements and the city have no power, after confirmation, to change the foundation layer to a seven-inch layer of rolling-mill slag, and where such change is made and the improvement constructed accordingly the objection is available upon application for sale. (*People* v. *Whidden*, 191 Ill. 374, explained.)

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

YOUNG, MAKEEL, BRADLEY & FRANK, for appellants.

WILLIAM M. PINDELL, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment and order of sale entered by the county court against the lands of appellants to satisfy the first installment in a special assessment levied to pay the costs of paving One Hundred and Nineteenth street, from Wentworth avenue to Michigan avenue, in the city of Chicago. The ordinance provides, among other things, that upon a roadway in said street, after being curbed and graded to a certain grade established in said ordinance, there should be spread, as a foundation layer for said pavement, a layer six inches deep of the best quality of broken limestone. After the confirmation of said assessment the board of local improvements of said city changed the nature and character of said improvement, and thereafter, said city joining them, let a contract for the construction of the improvement, substituting a seven-inch layer of rolling-mill slag in place of the six-inch foundation layer of limestone required by

the ordinance. The contract for the improvement offered in evidence requires the use of slag. The ordinance in evidence provides for a foundation layer, six inches deep, of the best quality of crushed limestone. Appellee admits that through a mistake of the engineer slag was provided for in the specifications instead of crushed limestone, and attempted to show that the durability of the two materials was the same and the cost substantially the same. No limestone whatever was used in constructing the foundation, but instead such foundation was made entirely of rolling mill slag, and the evidence also shows that the market price of slag was considerably lower than that of crushed limestone, the testimony of two witnesses varying considerably upon what the difference was, one placing the difference at twenty cents per cubic yard and the other at sixty cents per cubic yard.

Appellee places great stress upon the case of *People* v. *Whidden*, 191 Ill. 374, and practically rests its whole right to a judgment upon it. We think, however, that appellee has a false impression of the case, and that a reading of it will bear out the contention of appellant. The *Whidden case* was reviewed in the case of *Gage* v. *People*, 193 Ill. 316. In the latter case the objectors contended that the work done was not the work provided for in the ordinance, and that the alleged improvement was a different and another improvement than that specified therein. The objectors offered to prove by civil engineers that the roadway as constructed was another and different one from that required by the specifications in the ordinance. The proof was refused and the testimony rejected by the lower court upon his understanding of the rule announced in the *Whidden case*, and we held that the *Whidden case* did not sustain the court's ruling. Stating the rule announced by Cooley on Taxation we said, on page 318: "In general, no defense to an assessment that the contract for work has not been performed according to its terms is allowed. But this doctrine must be con-

fined within the proper limits. It cannot be extended to cover a case in which the authorities, after contracting for one thing, have seen fit to accept something different in its place, for if this might be done the statutory restraint upon the action of local authorities in these cases would be of no more force than they should see fit to allow." And we further said: "This rule is reannounced in the case of *People* v. *Whidden*, *supra*, in the following language: 'The rule that objections to the manner in which an improvement is completed are not available on the application for judgment for sale does not extend to cases where the improvement authorized is changed for another, or where the city authorities accept a different improvement from the one for which the assessment was levied.'"

A valid ordinance lies at the foundation of a proceeding of this nature, and the ordinance must specify the nature, character, locality and description of the improvement, and unless this is done the improvement can not be paid for by special assessment. (*Pells* v. *People*, 159 Ill. 580.) In this case the ordinance provides for a six inch foundation of crushed limestone. There was no ordinance whatever authorizing the construction of a street with a foundation of slag. The improvements are essentially different, and the ordinance providing for a pavement constructed of crushed limestone, the city could not abandon such improvement, substitute another and enforce the judgment of confirmation by a sale. A municipality cannot obtain authority to construct an improvement and assess an owner, and then construct another and different improvement and acquire a lien upon the property to pay for it. (*People* v. *Whidden*, *supra*.) The improvement as constructed under the contract being essentially different and another improvement than that called for in the ordinance, the appellants cannot be compelled to pay for the same by special assessment. This defense arising subsequently to the confirmation of

the assessment may be set up when the collector seeks judgment. *Pells* v. *People, supra.*

The objections of appellants should have been sustained. Neither is the judgment rendered in this case a proper one. A judgment substantially the same was condemned in *McChesney* v. *People,* 174 Ill. 46.

The judgment of the county court is reversed and the cause remanded.                              *Reversed and remanded.*