THE PEOPLE *ex rel.* John R. Thompson, County Treasurer, Appellant, *vs.* HENRY H. GAGE *et al.* Appellees.

*Opinion filed April 23, 1908.*

SPECIAL ASSESSMENTS—*act making acceptance of work conclusive of compliance with ordinance is not retrospective.* The act of 1901, amending section 66 of the Local Improvement act and purporting to deprive a property owner of the defense that the improvement is not constructed in accordance with the ordinance if it appears that the work has been accepted by the improvement board, does not have a retrospective effect, and cannot be availed of to cut off such defense in cases where it was complete before the act, by its terms, took effect.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

A. C. WENBAN, and CUSTER, GRIFFIN & CAMERON, for appellant.

F. W. BECKER, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county sustaining the objections of appellees to the application of appellant for a judgment against and an order of sale of certain real estate of appellees for non-pay-

ment of the seventh installment of a special assessment for a certain improvement in the village of Wilmette.

The objections filed by the appellees to the entering of judgment and order of sale were, first, that the work done and the improvement made was not the same improvement provided for in the ordinance but was another and different improvement; second, that application was made for judgment and sale at the July term, 1901, of the county court for non-payment of the first installment of said assessment, at which time appellees appeared and filed objections on the same ground set forth in objection No. 1, which objections, upon a hearing, were overruled; that from that judgment appellees appealed to this court, where the judgment of the county court was reversed and the cause remanded, and upon a final hearing the county court sustained the objections on the ground that the improvement made was not the improvement directed to be made by the ordinance, and thereafter the county court sustained appellees' objections to the application for judgment and order of sale as to the second, third, fourth, fifth and sixth installments of said assessment, and appellees pleaded said adjudication as an estoppel and as a bar to the application for judgment.

The judgment of the court recited the history of the proceedings for the collection of the first installment, and that the objections of appellees were sustained in that proceeding on the ground that the improvement made was not the improvement described in the ordinance, and that said judgment being still in full force and effect, it was *res judicata* and a bar to the present application of appellant for judgment upon the seventh installment of said assessment. This appeal was prosecuted from that judgment.

The case was twice in this court upon the application for judgment as to the first installment of said assessment. The first time it was before us the judgment was reversed for the refusal of the county court to admit testimony of-

fered by objectors to prove that the improvement made was not the improvement directed to be made by the ordinance. (*Gage* v. *People,* 193 Ill. 316.) On the second hearing in the county court, after hearing the evidence, the court over-ruled the objections and rendered judgment for said first installment. The case was again appealed to this court, and the judgment of the county court was reversed because this court held that the evidence showed the improvement made was a different improvement from that provided for by the ordinance. (*Gage* v. *People,* 200 Ill. 432.) The cause was remanded for another hearing in the county court, and upon said hearing said court sustained the objections and denied judgment for said installment of said assessment, and it is this judgment of the county court that is relied upon by the appellees as a bar to judgment being rendered for the seventh installment.

This cause was heard in the county court on a stipulation of facts between the parties, from which it appears the application for judgment upon the first installment of the assessment was made to the July term of the county court, 1901, and the objections to judgment were filed July 10, 1901. At the time of the hearing, therefore, section 66 of the Local Improvement act, as amended in 1901, was in force. (Laws of 1901, p. 110.) Said section, as amended, in part reads as follows: "And it shall be no defense to the application for judgment on any assessment or any installment thereof that the work done under any ordinance for an improvement does not conform to the requirements of such ordinance, if it shall appear that the said work has been accepted by or under the direction of the board of local improvements." This was a new provision added to section 66 by an amendment made by the legislature in 1901 and in force July 1 of that year. At the same time section 83 of the Local Improvement act was so amended as to make the acceptance of the board of local improvements of any improvement conclusive, in proceedings to col-

233—29

lect the assessment or any installments thereof, on persons and property assessed for the improvement, that the work had been done according to the requirements of the ordinance, and the property owner was given a remedy against the city for any pecuniary loss he might suffer by reason of a failure to construct the improvement in accordance with the ordinance.

It is agreed in the stipulation between the parties that the work done. by the contractor under the ordinance and contract for said improvement was accepted by the board of local improvements November 20, 1900, but it does not appear that the fact of such acceptance, or its effect under the statute in force at the time the hearing was had of the objections to the first installment, was presented to or passed upon by the court. The judgment, as we have before stated, recites that the objections were sustained on the ground that the improvement made was not the one provided for by the ordinance, and the acceptance of the work by the board of local improvements was not called to the attention of this court at either time when the case was before us. Appellant therefore contends that the fact of the acceptance of the work by the board of local improvements not having been presented to and its effect adjudicated and determined by the county court, and this proceeding not being upon the same demand or cause of action as the proceeding for the collection of the first installment, the judgment of the county court in the proceeding upon the first installment is not *res judicata,* and does not estop the appellant, in this proceeding, from showing the fact of the acceptance of the work by the board of local improvements and having its effect passed upon and determined by the court. Appellees' contention is, that "a judgment refusing sale for a delinquent installment of a special assessment is conclusive upon the parties on application for judgment of sale on another installment of the same assessment, where it appears that the court based its former judgment upon

the non-identity of the improvement laid and the improvement described in the ordinance, whether the cause of action be the same or not."

In the view we take of this case it will not be necessary to pass on the questions argued by counsel in their briefs. It will be noted that the stipulation shows that the acceptance of the work by the board of local improvements, upon which appellant relies, took place November 20, 1900. The act of the legislature amending section 66 of the Local Improvement act, which purports to deprive the property owner of the defense that the work did not conform to the improvement described in the ordinance, where it appears that the work had been accepted by or under the direction of the board of local improvements, was not passed until 1901. In order to apply said amendatory act to this case it is therefore necessary to give it a retrospective effect. The rule is firmly established that statutes are to be construed prospectively, unless the language of the act so clearly indicates an intention that it is to operate retroactively as to admit of no other construction. (Cooley's Const. Lim. 97; *Marsh* v. *Chestnut,* 14 Ill. 223; *Deininger.* v. *McConnel,* 41 id. 227; *Russell and Allison Drainage District* v. *Benson,* 125 id. 490; *Bauer Grocer Co.* v. *Zelle,* 172 id. 407.) Even if the amendatory act in question is valid when applied to an acceptance of work after July 1, 1901, (which we do not decide,) it certainly cannot be held to deprive a property owner of a defense that was complete and perfect when the act by its terms took effect. There is nothing in the language of the act itself to indicate that it was designed to operate retrospectively. The fact recited in the stipulation that the work was accepted on November 20, 1900, is irrelevant and affords no reason for overruling the objections of appellees.

The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*