(No. 19127.—)

GEORGE M. TEARNEY, Plaintiff in Error, *vs.* GEORGE F. HARDING, County Treasurer, Defendant in Error.

*Opinion filed April 20, 1929—Rehearing denied June 6, 1929.*

124

Louis Greenberg, and Harold J. Dalton, for plaintiff in error.

Schuyler, Weinfeld & Parker, and Miller, Gorham, Wales & Noxon, (Amos C. Miller, George W. Lennon, and Carl J. Appell, of counsel,) for defendant in error.

Mr. Justice Dietz delivered the opinion of the court:

On June 28, 1928, George M. Tearney, the plaintiff in error, as a tax-payer, filed his bill in the circuit court of Cook county to enjoin the defendant in error, the county treasurer of Cook county, from paying to Charles Center Case the sum of $13,958.33 for legal services rendered as special State's attorney for Cook county from February 23, 1927, to January 3, 1928. An amended bill was thereafter filed, to which a demurrer was sustained. Tearney elected to stand by his amended bill and the cause was dismissed for want of equity. The case is here on writ of error.

The amended bill shows that Case was appointed by the county court of Cook county to prosecute certain contempt proceedings pending therein against various election offi-

cials of that court, upon a showing that the State's attorney of Cook county was disqualified because of interest. It also sets up various legal grounds, which form the basis for the errors assigned. These will be stated later as they are taken up in the course of the opinion.

It is first contended that section 6 of chapter 14 of Smith's Statutes of 1925, authorizing the appointment of special State's attorneys, violates section 22 of article 6 of the constitution of 1870, which provides that State's attorneys shall be elected. The only authority cited to support this is the case of *People* v. *Bollam*, 182 Ill. 528, which holds that a statute authorizing the appointment of constables by village officers was invalid as violating the provision of the constitution requiring constables to be elected. The statute there under consideration was an attempt to establish a new and different method of selecting constables having all of the powers and duties of constables mentioned in the constitution. The same question would be presented in this case if section 6 had provided for the appointment of special State's attorneys having all of the powers of State's attorneys under the constitution. This, however, was not attempted to be done by that section. A special State's attorney authorized to be appointed under it does not have all of the powers of a State's attorney. His powers are limited to causes or proceedings in which the State's attorney is disqualified. As to all other matters the State's attorney continues to exercise all of the duties and enjoy all of the emoluments of his office. Section 6 did not authorize the appointment of State's attorneys such as are required to be elected by the constitution or of any officer having all of the powers and duties of such State's attorneys. For that reason section 6 does not violate the constitutional provision relied on. *People* v. *City of Chicago*, 321 Ill. 466.

It is next urged that section 6 violates section 13 of article 4 of the constitution, which provides that no act

"shall embrace more than one subject, and that shall be expressed in the title." This contention is without merit. The title of the act relates to a class of attorneys all of whom represent the State. The functions performed by special State's attorneys appointed under section 6 are those which are performed by the Attorney General and by State's attorneys. All of the attorneys mentioned in the act are of the same class and their duties relate to the same subject. There are no matters contained in the act which do not have a proper relation to the title, and the title contains no subjects not having a proper relation to each other. Under such circumstances the act cannot be said to violate the constitutional provision relied on. *Public Service Co.* v. *Recktenwald,* 290 Ill. 314; *Stewart* v. *Brady,* 300 id. 425; *People* v. *McBride,* 234 id. 146.

It is further contended that section 6 violates that portion of section 30 of article 6 of the constitution which provides that "all other officers in this article mentioned shall be removed from office on prosecution and final conviction for misdemeanor in office." In support of this contention it is urged that the effect of the appointment of a special State's attorney is to remove from office the constitutional State's attorney in a manner, by implication, prohibited by this provision of the constitution. The appointment of a special State's attorney does not remove from office the constitutional State's attorney. As to all matters in which the constitutional State's attorney is not disqualified he continues to act in the full exercise of all of his powers, with full right to the enjoyment of all the emoluments of his office. The statute does not create his disqualifications. They exist independently of the statute. (*People* v. *Hanson,* 290 Ill. 370.) The statute merely provides the means for the prosecution or defense of cases which could not be otherwise properly prosecuted or defended, therefore it does not violate this section of the constitution.

It is next contended that the commissioners were without authority to expend county funds for the purpose of paying the services of a special State's attorney, because, it is said, such expenditure would be in violation of section 25 of article 6 of the constitution, which provides that "judges of the superior and circuit courts, and the State's attorney, in" Cook "county, shall receive the same salaries, payable out of the State treasury, as is or may be paid from said treasury to the circuit judges and State's attorneys of the State, and such further compensation, to be paid by the county of Cook, as is or may be provided by law." This constitutional provision refers to the compensation to be paid to the State's attorney of Cook county occupying the office of State's attorney created by the constitution. In no sense can it be said to apply to the compensation to be paid a special State's attorney appointed under section 6. It has been repeatedly held that this constitutional provision does not prohibit the payment of compensation to assistant State's attorneys of Cook county from county funds. (*Cook County* v. *Healy,* 222 Ill. 310; *Nye* v. *Foreman,* 215 id. 285.) For the reasons given in these cases, and under its general powers therein sustained, Cook county may also properly pay for the services of special State's attorneys.

It is also claimed that the resolution authorizing payment for the services of Case was invalid because it contravenes those portions of section 6 of article 2, section 26 of article 6 and section 1 of article 7 of the City Election act which provide (*a*) that the board of election commissioners may employ an attorney; (*b*) that they shall aid and institute prosecutions under said act; and (*c*) that all expenses incurred by them shall be paid by the city. However, no authority is cited in support of this proposition. There is nothing contained in this act from which it can be implied that the attorney for the board of election commissioners has the right to conduct prosecu-

tions for the violation of its provisions. A contrary implication is clearly indicated by its title, which limits all powers under it to "regulating the holding of elections and declaring the result thereof." Even if such attorney had this power, his right to prosecute would not be exclusive, so as to prevent such prosecutions by others properly authorized.

It is further contended that the effect of the 1927 amendment of section 6 was to abolish the office of Case, so that subsequent to July 1 of that year he had no authority to continue to act as such special State's attorney. This is without merit. There is nothing in the 1927 amendment indicating that it was the intention of the legislature that it should have retroactive operation, therefore it did not affect the rights or duties of Case under his appointment. *People* v. *Gage,* 233 Ill. 447; *Russell and Allison Drainage District* v. *Benson,* 125 id. 490; *Bauer Grocer Co.* v. *Zelle,* 172 id. 407.

It is finally urged that the action of the county board authorizing payment for the services of Case "from the contingent fund" was invalid because it was not concurred in by a vote of four-fifths of all the commissioners. In support of this contention there is cited the portion of section 64 of the Cook County Commissioners act which requires a four-fifths vote for general appropriations under certain circumstances and for expenditures on account of "liability rendered necessary by any unforeseen casualty." A casualty is an inevitable accident; the result of "unforeseen circumstances not to be guarded against by human agency and in which man takes no part." (Bouvier's Law Dict. 14th ed.) The action of the board complained of was neither an appropriation nor an expenditure on account of liability rendered necessary by "unforeseen casualty." It was the authorization for the payment of a liability rendered necessary by the deliberate act of the judge of the county court, and the services rendered by Case in accordance therewith, from funds properly appropriated. *Peo-*

*ple* v. *Chicago, Burlington and Quincy Railroad Co.* 253 Ill. 100; *People* v. *Louisville and Nashville Railroad Co.* 300 id. 312.

There is no reversible error in the record, and the decree of the circuit court is affirmed. *Decree affirmed.*