MADISON COUNTY FOR USE OF DRAINAGE DISTRICT No. 5,
COMPLAINANT, APPELLEE, *v.* J. B. ALSTON *et al.*, DE-
FENDANTS, APPELLANTS.

(*Jackson,* April Term, 1931.)

Opinion filed June 11, 1931.

HOMER H. WALDROP and MARTIN V. B. EXUM, for complainant, appellee.

N. R. BARHAM and DEWITT T. HENDERSON, for defendants, appellants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

To a bill brought to enforce collection of assessments for drainage construction, laid under Chap. 185, Acts of 1909, one of the defendant landowners filed an answer and cross-bill setting up by way of defense and seeking to recover and offset damages for certain alleged defects and deficiencies in the work as the result of which his lands had not proven to receive benefits from the improvement, but rather damage. The regularity of the original proceedings under which the assessments were made in 1915 or 1916, or those under which bonds were issued, is not challenged. Nor is it claimed that the original plan of the improvement was substantially departed from. The claim in substance is that (1) the drains as constructed failed to carry off the water effectively, from defendant's lands, (2) that lateral drains were found to be necessary, and (3) that one or more of the directors associated with this defendant, he himself being one of the directors of the district, had agreed to build such laterals and had failed to do so.

The Chancellor sustained a demurrer to the cross-bill on the final hearing and dismissed same. Cross-bill complainant appeals.

It does not appear on what specific grounds the demurrer was sustained. However, we think it clear that the cross-action cannot be sustained on either of several grounds relied on. The rule generally recognized is that laid down by Page & Jones on Taxation & Assessment, Vol. II, Page 1867, that a set-off or counterclaim for damages due to defective performance of the contract cannot be set-off against the assessment. See *Laverty* v. *State ex rel. Hill,* 109 Ind., 217; *Indianapolis, etc., G. R. Co.* v. *State ex rel.,* 105 Ind., 37; and, in principle, *Whiting* v. *M. & A. of Boston,* 106 Mass., 89.

A distinction is taken between objections to the manner of performance, or the results of public improvements, such as drainage, and objections because of the substitution or acceptance of substantially different improvements from those for which the assessments were levied. See *Young* v. *People,* 196 Ill., 603, and *People* v. *Whidden,* 191 Ill., 374.

In the instant case the complaint relates to matters falling within the first of these classifications, as to which it is held, and we think properly, that the collection of the assessments cannot be defeated, and that no off-setting claim for damages can be sustained.

In large part, and in principle, the claim of cross-bill complainant is met by the opinion of this court in the recent case of *Obion County* v. *Head,* 155 Tenn., 590, wherein Mr. Justice Cook said:

"Through his answer the defendant asserts the right to contest the validity of the assessment by the County Court in this proceeding to enforce payment. He insisted that his lands were not benefited by the establishment of the Improvement District and by the assessment thereon, and presented proof of the fact that his land was not benefited or at least the assessment exceeded the

benefits conferred. By this answer the defendant raises a question of fact, foreclosed by the judgment of the County Court in the proceeding through which the District was established, and the assessment made against his lands. Ordinarily the question of special benefit to the property upon which the assessment is made is one of fact, and the determination of the fact by the tribunal having power to make the assessment is controlling. *Carriger* v. *Morristown,* 148 Tenn., 585.''

''It is not denied that the defendant was a party to the County Court proceeding in which the District was established and the assessment made upon his property. That being true, there can be no inquiry in this collateral proceeding to determine the question of benefits. Parties to such proceedings in another court, or before another tribunal, cannot in a subsequent independent proceeding, brought to collect delinquent assessments, resist assessments made after opportunity for a hearing, that have become final by a prior judgment which establishes facts contrary to the contention presented in the subsequent proceeding. This proposition requires, we think, no elaboration. It is supported by cases cited in Page & Jones Taxation by Assessment at Sections 986 and 1339, and in *Wabash Railroad* v. *Drainage District,* 10 L. R. A., 292; *Mound City Land Co.* v. *Miller,* 60 L. R. A., Note C, page 208, and in principle by our cases of *Tomlinson* v. *Board of Equalization,* 98 Tenn., 1; *Briscoe* v. *McMillan,* 117 Tenn., 115; *Carriger* v. *Morristown,* 148 Tenn., and cases cited on page 606, and also in the comprehensive note to *Cobb* v. *County,* 9 A. L. R., 839.''

In so far as the cross-bill proceeds on the theory of a contract for the construction of laterals, or contributions thereto, the allegations are too vague and indefinite, both as to terms and parties, to support the action,—

even if it should be conceded, which it is not, that such an action could be maintained in defense to a proceeding to enforce collection of assessments for the payment of outstanding bonds.

The decree of the Chancellor must be sustained, the cross-bill dismissed, and the cause remanded.