JOHN C. HEMAN, Appellant, v. ANNIE GERARDI et al., Respondents.

| 96 | 231 |
| e99 | ¹348 |

St. Louis Court of Appeals, October 7, 1902.

1. **Contract:** STREET IMPROVEMENT: TAXBILL: SPECIFICATIONS IN CONTRACT MUST BE COMPLIED WITH. The law requires substantial compliance with the specifications contained in a contract for street improvements in order for the taxbills issued to pay therefor to be collectible.

2. **Practice, Trial:** PRACTICE, APPELLATE: EVIDENCE. Where there is evidence to support the contention that the specifications were not substantially complied with and the judgment of the trial

court is in favor of the property-owner and against the validity of the taxbills, it will not be disturbed, if no declarations of law were requested.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris*, Judge.

AFFIRMED.

*Hickman P. Rodgers* for appellant.

(1) Appellate courts will review the whole record in the case and will reverse a judgment which has no evidence to sustain it, even if no instructions are asked or given. Graney v: Railroad, 157 Mo. 666, and cases there cited; Janis v. Roentgen, 52 Mo. App. 114. (2) The special taxbills made a prima facie case for plaintiff. Moberly v. Hogan, 131 Mo. 19. (3) The defense that the old flagstone sidewalk was sufficient, is untenable for the reason that reconstruction was ordered by the street commissioner of the city of St. Louis, and that action on his part amounted to a condemnation of the old sidewalk. Warren v. Barber Paving Co., 115 Mo. 572-580. (a) These things being within the discretion of the street commissioner by virtue of the charter, the courts will not review his action in the premises. Moberly v. Hogan, supra; Heman v. Allen, 156 Mo. 534. (b) Neither is there any evidence to show that the said flagstone sidewalk was good and sufficient, and the lower court so indicated. (4) The defense that the work of reconstruction was not done according to the contract, ordinance and specification has no evidence to sustain it. (a) A substantial compliance with the specifications, regarding quantities and dimensions, is all that is required by the courts. Cole v. Skrainka, 37 Mo. App. 427. (b) The courts also take into consideration the custom prevailing among city officials and contractors and relating to specified dimensions—hence, the law does not exact that there should have been precisely four inches of granitoid and

eight inches of cinders in the new sidewalk. Cole v. Skrainka, supra. (5) Under the charter of the city of St. Louis, the municipal authorities are invested with the discretion of determining the expediency of the improvement and the occasion for the special tax-bill; and their conduct or methods are not open to collateral attack. Warren v. Barber Paving Co., supra; Skinker v. Heman, 148 Mo. 349-355; Heman v. Allen, 156 Mo. 534-542. (a) The city of St. Louis, under the charter and ordinance, had the power to cause this reconstruction and assessment without any notice to the property-owners or their agent. Skinker v. Heman, supra. (b) The requirement of notice is merely directory. City of Kansas v. Huling, 87 Mo. 205-206. (c) Notice, however, was given Mr. Tate, and under the evidence he was the agent for some purposes of Mr. Bauman, trustee, as well as of the lessee.

*Noble & Shields* and *M. B. Jonas* for respondents.

(1) When an action at law is tried without error and no instructions are asked or given, the judgment of the trial court will be affirmed, if it can be sustained on any possible theory of law applicable to the facts. Gentry v. Templeton, 47 Mo. App. 55-58, and authorities there cited. This is the established rule. (2) All the issues were found for the defendants by the trial court sitting as a jury, and the findings are incontrovertible on appeal. (a) There was testimony on both sides on the issue as to plaintiff's compliance with his contract in the construction of the pavement. (b) There was testimony on both sides on the issue, that the street commissioner had not given notice to the owners or agent that the old pavement was out of repair, as the ordinance required. (c) In a case submitted to the court sitting as a jury, the finding on the facts by the court is incontrovertible in the appellate court. Smith v. Zimmerman, 51 Mo. App. 519-523, citing: Swayze v. Bride, 34 Mo. App. 414; Gains v. Fender, 82 Mo. 497; Hamilton v. Boggess, 63 Mo. 233. (3) The ques-

tion as to the failure to construct the new pavement in accordance with the contract, was one of fact, chiefly, and we rest on the finding of the court below. (4) Question of notice that the old pavement was defective, was one of fact also; but we present in support of the finding some propositions of law: (a) These proceedings to compel payments for improvements on front property are *in invitum,* purely statutory and to be strictly construed. Leach v. Cargill, 60 Mo. 316; Guinotte v. Egelhoff, 64 Mo. App. 356, and authorities there cited and quoted. In like cases so held: Smith v. Tobener, 32 Mo. App. 601; Cole v. Skrainka, 105 Mo. 303, 308, 309, where are cited: Kiley v. Oppenheimer, 55 Mo. 374; City of Kansas v. Swope, 79 Mo. 446. (b) The ordinance required notice, and the notice was necessary to the validity of any subsequent proceedings to create a liability under the ordinance. Leach v. Cargill, 60 Mo. 316; Kiley v. Oppenheimer, 55 Mo. 374; City of Kansas v. Swope, 79 Mo. 446, Cole v. Skrainka, 105 Mo. 303; 2 Dillon on Mun. Corp. (4 Ed.), sec. 811.

GOODE, J.—Appellant's contention is that he is entitled to a judgment for the amount of three special taxbills issued to him by the city of St. Louis for laying a granitoid pavement around the property at the southeast corner of Grand avenue and Olive street. He raises this contention on the entire evidence in the case, for he requested no declarations of law and none was given or refused; so the question is whether facts were shown without dispute which support his claim.

Several defenses were pleaded, one of which was that the pavement was not constructed according to specifications prescribed by the city ordinances and by the contract with appellant for the work.

The specification said to have been violated was one requiring the work to be composed of a granitoid surface four inches thick laid on a bed of cinders eight inches thick.

After carefully reading the testimony bearing on

that issue, the court are of the opinion that they can not say there was no evidence to prove the walk was improperly laid; that is, materially fell short of the above dimensions. Two witnesses swore to making holes in it at five or six different places and measuring the thickness of the layers of granitoid and cinders, and at none of the openings did the measurement show compliance with the specifications, but in some instances at least, material deviations. There was testimony the other way which tended to prove substantial performance according to the ordinances and that the pavement was as nearly of the uniform thickness prescribed for both the foundation and the granitoid, as the unevenness and varying firmness of the ground below would permit, it being stated that tamping the cinders necessarily causes them to form into a bed thicker over soft spots and depressions in the soil than over hard parts.

Substantial performance of the contract is what the law requires in the construction of such improvements; not exact compliance with the specifications in all circumstances. Cole v. Skrainka, 37 Mo. App. (St. L.) 427, 105 Mo. 303. The issue of whether this requirement was observed was one of disputed facts to be decided by the judge who tried the cause. No showing is made that he disposed of the matter on an erroneous legal theory, and having found testimony in the record to prove there was a failure in substantial respects to do the work as contracted, we can not substitute what might be our own estimate of its weight for his. Smith v. Zimmerman, 51 Mo. App. (K. C.) 519. As this action is on the taxbills and not on a *quantum meruit*, the result below must be upheld for the foregoing reasons [Traders Bank v. Payne, 31 Mo. App. (K. C.) 572; Meyer v. Wright, 19 Mo. App. (K. C.) 283; Egerman v. Cemetery Ass'n, 61 Mo. 498], and it is unnecessary to examine the sufficiency of the other defenses or whether they were made good by proof.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.