CLARA L. WELLS *et al.*

*v.*

THE PEOPLE *ex rel.* S. B. Raymond, County Collector.

*Opinion filed February 18, 1903.*

1. SPECIAL ASSESSMENTS—*when departure from terms of ordinance is not available objection.* Departure from the terms of an ordinance in constructing an improvement is not ground for refusing judgment of sale, unless the evidence discloses that by reason of such departure the improvement constructed is a different one from that provided for in the ordinance.

2. SAME—*when departure from terms of ordinance does not make a different improvement.* The use of cement of a quality inferior to that called for in a paving ordinance does not so change the improvement from the one provided for in the ordinance as to render the objection available upon application for judgment of sale.

3. SAME—*extent to which objector can insist upon invalidity of contract.* Property owners, not being parties to the contract for a public

improvement, can only insist upon the invalidity of its provisions on the application for judgment of sale, in so far as it is shown the same were likely to or did prejudice their interests or impose burdens upon them which they would not otherwise have suffered.

4. SAME—*illegal provisions must be shown to have entered into the competition.* Provisions for an eight-hour day and against alien labor, in a contract for a public improvement, which are illegal as tending to prevent free competitive bidding, are not available as objections upon application for judgment of sale, unless objectors can show that such provisions were taken into consideration and might have affected the amount of the bids.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

ARTHUR B. WELLS, and JOHN M. BLAKELEY, for appellant.

EDGAR BRONSON TOLMAN, (CHARLES M. WALKER, ROBERT REDFIELD, and WILLIAM M. PINDELL, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from the county court of Cook county from a judgment ordering the sale of property of appellants to pay the first installment levied for paving Clinton street from West VanBuren street to Lake street, in said city. Four grounds are urged by appellants for the reversal of the judgment.

The ordinance was for a granite-block pavement, to be placed upon a bed of concrete, and the ordinance provided that "the best quality of Portland cement" should be used. The objection urged is, that instead of using the best quality of Portland cement the contractor used Illinois Steel Portland cement. Under this objection appellants offered to show that as the work progressed they objected to the use of the Illinois Steel Portland cement, on the ground that it was inferior in quality to and different from the cement provided for by the ordinance, and that it was cheaper in price and would not

stand so well when exposed to the weather; and further, that they made complaint to the board of local improvements, and that pursuant to such complaint said board issued an order requiring the contractors to comply strictly with the contract and use only Portland cement, as provided in the ordinance; and offered to further show, that notwithstanding such order of the board of local improvements the contractors on this part of the work proceeded with the work and continued to disregard the ordinance, the contract and the order of the board of public improvements. This evidence the court refused to hear. We have uniformly held that such objections, urged at the application for judgment of sale, were collateral attacks, and could only be allowed to prevail when the evidence disclosed that the improvement as constructed was so different in character because of the material used or from the manner of construction, that we could say, from the record, that it was another and different improvement, or, in other words, was not the improvement provided for by the ordinance. (*People* v. *Whidden*, 191 Ill. 374; *Church* v. *People*, 174 id. 366.) In *People* v. *Whidden, supra*, this particular question was fully considered, and in that case we pointed out that the property owner, if apprised during the progress of the work that it was not being done in substantial conformity with the provisions of the ordinance, should bring his bill in equity to prevent such departure, and that the courts having jurisdiction of such bill would interfere and enforce the proper performance of the contract. In *Church* v. *People, supra*, in discussing the rights of property owners under such circumstances, we said (p. 370): "Nor does the law leave the property owner, in such cases, remediless. The city may be restrained, by injunction, from departing from the terms of the ordinance in any material respect, or the writ of *mandamus* may be invoked to compel the city to complete the improvement in compliance with the ordinance,"—citing with approval

*Callister* v. *Kochersperger*, 168 Ill. 334, and *Fisher* v. *People*, 157 id. 85.

Taking all that the offer of appellants would show as granted, and it would then appear that they had notice of the alleged departure from the ordinance as the work progressed, and that the departure complained of was the substitution of one grade of cement for another grade, and that appellants did nothing except to protest to the contractors and to the board of local improvements. In the *Whidden case, supra*, we held that such departures from the ordinance and contract as involved only the use of an inferior grade of cement from that provided by the ordinance, and limestone screenings instead of sharp lake sand, were not such variances from the provisions of the ordinance as we could say would constitute the improvement, when completed, a different or other improvement from the one called for by the ordinance, and that such a defense could not be made on the application for judgment of sale. We cannot see that it can make any difference that this objection is raised on application for judgment for the first installment. The principle controlling the court must be the same whatever the number of the installment may be. If the departure from the ordinance was of such a character that the court could say that it was a different improvement from the one called for by the ordinance, then the objection could be raised and sustained upon the application for judgment upon any installment; and the reverse must likewise be true, that unless the departure is of that character it cannot be sustained upon application for judgment for the first any more than upon application for the last installment.

The second objection urged is, that the contract for the work provided that the contractor to whom the work should be awarded would be required to deposit with the city of Chicago the necessary money to do all the sewer work required on the street at the following rates, viz.:

"New catch-basins, complete, $35; adjusting and repair-
ing catch-basins, $10; adjusting and repairing man-holes,
$3; new iron covers and plates, $7; for 9-inch pipe laid,
.50 per foot;" and further provided that "in consideration
of such deposit the contractor will be issued a voucher
payable from this warrant, when collected and in the
hands of the city treasurer." It is said, in this objection,
that such provision prevented the work from being let
to the lowest responsible bidder because of the require-
ment to make the deposit, and that the prices named
for the work were those fixed by a certain labor union of
said city, and were not the prices at which the work could
be done for in case of free competition for letting to the
lowest responsible bidder.

The ordinance in relation to the man-holes and sewer
work provided that it should be done under the superin-
tendence of the board of local improvements, but did not
provide that any deposit should be made as provided
for in the contract offered in evidence, nor did it fix the
scale of prices as set out in said contract. The estimated
cost of the sewer work, including the man-holes, was
$1019. The total estimated cost of the improvement was
something over $42,000. Appellants offered no evidence
under this objection other than the contract and the or-
dinance. They did not offer to show that the amount of
deposits or advancements required by the contract to
be made by the contractor for the respective classes of
work, as set forth above, were unreasonable or in excess
of the lowest bid that could have been obtained for such
work; nor did they offer to prove that the scale of prices
thereto attached was made in compliance with the re-
quirements of some labor union, as alleged in the objec-
tion. The effect of this provision in the contract was
that the contractor should advance to the city sufficient
funds, at the rates mentioned in that provision, to pay
for the various classes of work appertaining to the sew-
ers and man-holes and their attachments, and should

receive an order against the tax from the city for the same, and it is urged that because of the condition the appellants, as owners of property that was assessed to pay for the improvement, were injured, in that bidders would look upon that provision as an extra hardship, and in fixing the amount of their bid increase the same accordingly. There is no evidence that such would have been the case, nor is there any offer of such evidence. Nor was there any evidence offered showing or tending to show that in the notice calling for the bids for this work the attention of prospective bidders was directed to this proposed provision of the contract, or that the bidders had any knowledge thereof until the bids were accepted and acted upon, or that said provision in any way did, or tended to, injuriously affect appellants. Appellants were not parties to this contract, and can only insist upon its invalidity or question its terms in so far as it may appear to the court that the same did or was likely to prejudice their interests or impose burdens upon them which they would not have suffered without it. We think this provision of the contract, and the objection to it, are analogous to the third and fourth objections raised in this case, namely, the anti-alien labor provision and the eight-hour provision, and under these we have repeatedly held that in order that the objection should avail the evidence must show sufficient facts to warrant the court in the conclusion that the matters objected to were taken into consideration, and did or might affect in some manner the amount of the bids for the work.

As we have said, the third objection was that the contract provided that the contractor should not employ, nor permit to be employed by sub-contractors, any person or persons other than native born or naturalized citizens; and the fourth objection was, that the contract provided that eight hours should constitute a day's labor, and provided that any contractor who should require more than eight hours as a day's labor should forfeit his

contract, unless the condition was waived by the written consent of the board of local improvements. The ordinance for the improvement contained no such provisions. Under the third objection the contract was offered, and appellants also offered to prove, by parol testimony, that to restrict the contractors to the employment of native born or naturalized citizens would increase the cost of the work. This testimony was excluded, and properly so. There was no offer to prove that the notices to the bidders required that they should contract upon any such terms, or that the condition complained of was in any manner considered by the bidders in making their bids. We have repeatedly said that both the provisions covered by objections 3 and 4 were void and improper provisions, but that that was not the sole test of the right of the objectors. The question of the validity or invalidity of the provision could only arise upon application for judgment for the tax when it became apparent, from the evidence, that the property owners objecting could have been injured thereby. (*McChesney* v. *People,* 200 Ill. 146.) If the question should arise between the city trying to enforce the contract and the contractor, a different rule would obtain. Under the fourth objection no evidence whatever, except the contract, was offered, and what we have said with reference to the third objection applies equally to it. The ordinance for the improvement is not challenged in any particular. It was a valid ordinance, and the matters complained of are extraneous to it.

If all the evidence that appellants offered had been received by the court it would still have been its duty to have rendered the same judgment that it did render. Such being the case, and appellants having failed to offer sufficient evidence to entitle their objections to be sustained, no reversible error was committed by the court in rejecting the evidence offered.

The judgment of the county court is affirmed.

*Judgment affirmed.*