THE CITY OF CHICAGO

*v.*

·DAVID AYERS *et al.*

*Opinion filed October 24, 1904.*

SPECIAL ASSESSMENTS—*when departure from paving ordinance is substantial.* Constructing a pavement sixty-four feet wide instead of fifty, as provided in the ordinance under which the assessment was confirmed, is a substantial departure and will defeat a supplemental proceeding for a deficiency, notwithstanding the property owners were not required to pay more for the pavement constructed than for the one proposed, the additional cost being paid by a street railway company.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This was an application for the confirmation of a special assessment, made under a supplemental petition filed on December 24, 1901, in the county court of Cook county, for the purpose of securing the necessary funds to satisfy the unpaid balance of the cost of making an · improvement of State street, in the city of Chicago, under the Local Improvement act. The county court sustained an objection filed by appellees, and the city appeals.

In January, 1895, an ordinance was passed for paving State street from Sixty-eighth street to Seventy-fifth street, the roadway to be fifty feet in width. On November 2, 1895, a contract was entered into for the construction of the improvement. After this contract was made, it was found that the Englewood and Chicago Street Railway Company was willing to pay for the paving of the central sixteen feet on State street between Sixty-eighth street and Seventy-fifth street. Thereupon, on February 3, 1896, an ordinance was passed widening the roadway between the points designated from fifty feet to sixty-four feet, and the street was then paved, by an arrangement made with the contractor, with a

roadway sixty-four feet in width. After the confirmation of the original assessment, a writ of error was sued out of the Supreme Court by a portion of the property owners to reverse the judgment of confirmation, and that judgment was reversed on the ground that certain flat stones, specified in the ordinance providing for the improvement, were not properly described. The result was that sufficient money was not collected under the original assessment to pay for that portion of the improvement which was not paid for by the street railway company. The purpose of the present proceeding was to collect money to meet this deficiency. The county court sustained an objection which was to the effect that the improvement which was constructed by the city was not the improvement contemplated by the original ordinance, and this presents the only question for determination here.

WILLIAM M. PINDELL, (EDGAR B. TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellant.

GEORGE W. WILBUR, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The original ordinance provided for paving the street with a roadway fifty feet in width. The roadway actually constructed is sixty-four feet in width. Otherwise the improvement is in conformity with the ordinance. If the improvement be deemed substantially the one described in the ordinance, then the objection should have been overruled. (*People* v. *Whidden*, 191 Ill. 374; *People* v. *Church*, 192 id. 302.) On the other hand, if the deviations are of such a character that the improvement cannot be denominated as one of the same character and description prescribed by the ordinance, the objection was properly sustained. *Pells* v. *People*, 159 Ill. 580; *Gage* v. *People*, 200 id. 432.

Appellant urged that as the street railway company was to pay for a strip of the paving sixteen feet in width in the

middle of the street, the property owners have to pay for no more paving than they would have been required to pay for had the improvement been constructed as originally designed, and in this proceeding offered evidence to show that the improvement, as constructed, was as beneficial to the property owners as though it had been constructed with a roadway fifty feet in width instead of sixty-four feet in width. The fact that the property owners were not to pay the increased cost makes no difference at all in determining whether the improvement be the same improvement contemplated by the original ordinance, and if, upon increasing the width of the roadway twenty-eight per cent, the city became entitled to a judgment to the effect that the improvement was still the same improvement by showing that it was as beneficial to the property owners as the original improvement would have been, by making the same showing the city would be entitled to the same judgment if the width of the pavement had been reduced twenty-eight per cent.

If the city, after passing the amendatory ordinance, had sought by a supplemental proceeding to collect from the property owners the increased cost of the pavement, it would scarcely contend that the improvement contemplated by the amended ordinance was the same as that described in the original ordinance, and the fact that the additional cost was to be paid by some person other than the property owners is entirely without weight in determining whether the improvement made was the one for which the property was originally assessed.

In our judgment, the improvement constructed by the city was not the one provided for by the first ordinance, and the objection was therefore properly sustained.

The judgment of the county court will be affirmed.

*Judgment affirmed.*