S. E. NIXON and others, Appellants, v. THE CITY OF BURLINGTON and others, Appellees.

**Municipal corporations:** SPECIAL ASSESSMENTS: ESTOPPEL.    Property owners who have appeared before the city council and urged their objections to a proposed special assessment for a public improvement, and having failed to appeal from the action of the council with respect thereto, are thereafter estopped to question the assessment or maintain an action to enjoin its enforcement, unless the council was wholly without jurisdiction to order the same.

**Public improvement:** RESOLUTION OF NECESSITY: VOTE OF COUNCIL.    The statute requiring a three-fourths vote of the council in ordering a street improvement when not petitioned for has no reference to the action fixing the time when the resolution of necessity will be heard, a majority vote of the council being sufficient for that purpose; but the three-fourths majority vote applies to the final vote ordering the improvement.

**Same:** LETTING OF CONTRACT: RECORD OF VOTE.    The record of a city council's vote in letting a contract for a public improvement is sufficient if made upon sheets of roll calls specially prepared for that purpose.

**Notice of resolution of necessity:** PUBLICATION ON SUNDAY.    The fact that the last publication of a notice of resolution falls on Sunday will not render the notice insufficient; as purely ministerial acts may be lawfully performed on Sunday.

**Resolution of necessity:** DETAILS OF PROPOSED IMPROVEMENT.    It is not necessary that the preliminary resolution of necessity for paving a street state the details of all materials to be used and the method and manner of their use; so that omission from such resolution of any mention of the foundation for the pavement did not render it fatally defective.

**Special assessments:** WAIVER OF OBJECTION.    The city council may by appropriate legislation provide for a wider pavement than that contemplated by the original contract, even after work

under the first contract had commenced, if convinced that public convenience requires it; and if there was any irregularity in the proceedings by which the burden of the tax payer was unduly increased the remedy is an appeal from the assessment, otherwise the objection is waived.

**Same.**   Objections that the notice to contractors was not definite and specific; that the record of the city clerk does not show whether an improvement was made upon petition or on motion of the council; that a fair and impartial hearing of objections to the assessment was not accorded tax payers, do not go to the jurisdiction of the council and the remedy is by appeal.

*Appeal from Des Moines District Court.*—HON. W. S. WITHROW, Judge.

WEDNESDAY, MARCH 11, 1908.

REHEARING DENIED SATURDAY, FEBRUARY 20, 1909.

ACTION in equity to restrain the defendant city and its officers from levying special assessments for the expense of certain street paving. The trial court dismissed the bill, and plaintiffs appeal.—*Affirmed.*

*J. T. Illick,* for appellants.

*E. L. Hirsch* and *Seerley & Clark,* for appellees.

WEAVER, J.—Concerning the essential facts of this case there is little, if any, dispute. The city of Burlington is divided into seven wards, and its council is made up of one member from each ward and two members at large, presided over by the mayor. A vacancy in the said body created by the resignation of one of the members at large remained unfilled from January 2, 1906, until April 1, 1906. At a regular meeting of the council of March 19, 1906, a resolution of necessity was presented for the paving and curbing of Maple Street, from Eighth Street to

Sumner Street, the pavement to be laid with brick, and to be forty-eight feet wide between the curbs from Eighth Street to Central Avenue and thirty feet wide from Central to Sumner. It also proposed the assessment of the cost of the improvement upon the abutting property, and named April 16, 1906, as the date for final consideration of the resolution. On this action the city record shows a roll call and a vote of six yeas and one nay. Notice of this resolution was published in a daily paper of the city from Thursday, March 22 to Sunday, March 25, inclusive. On April 16, 1906, a written protest signed by most of the owners of the abutting property was presented to the city council, setting forth the reasons why said improvements should not be ordered. The resolution of necessity, in the terms above stated, was then passed by a vote of seven yeas to two nays. A further resolution directing the city engineer to advertise for bids for the paving according to plans and specifications was then adopted by a vote of six yeas and three nays. Acting upon this instruction, the city engineer prepared a notice to contractors which he caused to be published in a daily newspaper of said city on Saturday, April 28, and Sunday, April 29, soliciting proposals for grading and curbing the street, and paving the same with brick on a six-inch concrete foundation according to plans on file in the engineer's office, such bids to be received until 4 o'clock p. m. of Monday, May 7, 1906. On May 14, 1906, the city by its officers entered into a contract with the Burlington Construction Company to construct the contemplated improvement. After the work had been for some time in progress, the city council appear to have thought it advisable to increase the width of the pavement between Eighth Street and Central Avenue from forty-eight feet to fifty-six feet by extending the same a distance of four feet on either side. To that end a resolution of necessity was presented to the council on July 16, 1906, naming August 6, 1906,

as the date for final action thereon.   Notice of this action was published on July 17th, 18th, 19th and 20th, and on August 6, 1906, the resolution was adopted and notice to contractors published on August 8 and August 9, 1906, for bids to be presented on or before August 20, 1906. The contract was let to the Burlington Construction Company at the price per yard named in the first contract. On October 15, 1906, the work having been completed, separate resolutions were introduced in the city council to levy the cost of the improvement under the contracts aforesaid upon the abutting property, setting forth a list of the property and the proposed amount chargeable to each lot or parcel of land.   It was thereupon ordered that November 19, 1906, be set for the hearing of objections, if any, which might be made to such assessments by the owners of the abutting property, and notice of said action and of the amount of his assessment was given to and received by each of the plaintiffs herein, all of whom owned property abutting upon said improvement.   On the date named the plaintiffs appeared before the council and each filed written objections to the assessments, alleging that they were in excess of the benefits, in excess of 25 percent of the value of the property, that the proceedings in ordering the improvement and letting the contract had not been conducted according to law, and that the street railway company had not been assessed with its proportion of the burden.   These objections were overruled by the council, and the assessments levied as proposed.   No appeal from this action or from any order made by the council with reference to said improvement was ever taken to the district court.   The foregoing history of the case, set forth with more than ordinary detail, will enable us to review the controlling questions presented in argument without further reference to the pleadings.

I.   The statute under which the pavement was ordered constructed having provided for a hearing by the

council of all objections to the proposed levy of special
assessments therefor (Code, section 823),
and having further provided that all ob-
jections to errors, irregularities, and in-
equalities not so presented for hearing shall
be considered waived (Code, section 824), and it being
still further provided that persons aggrieved by the orders
and decisions of the council have a right of appeal there-
from to the district court, where all questions touching
the validity of such assessment which have not been waived
may be heard and determined (Code, section 839), it
follows of necessity that having appeared before the desig-
nated tribunal and made known their grievances, and
having failed to appeal from the order made thereon, the
property owners are thereafter estopped to question the
assessments or maintain action to enjoin their enforcement,
unless it be found that the council was wholly without
jurisdiction in the premises. *Crawford v. Polk County,*
112 Iowa, 118; *Nugent v. Bates,* 51 Iowa, 77; *Macklot v.
City,* 17 Iowa, 387; *Harris v. Freemont,* 63 Iowa, 639;
*Collins v. Keokuk,* 118 Iowa, 30; *Stevens v. Carroll,* 130
Iowa, 465; *Owens v. Marion,* 127 Iowa, 469; *Comstock
v. Eagle Grove,* 133 Iowa, 589. Indeed, the appellants
do not deny the general correctness of this proposition, but
claim that in the present instance the proceedings of the
council were so defective as to be void for want of juris-
diction.

1. Municipal cor-
porations: spe-
cial assess-
ments:
estoppel.

II. The first alleged defect has reference to the suffi-
ciency of the vote in the council by which the first resolu-
tion of necessity was adopted. The objection made is that
the proceeding having been initiated upon
the council's own motion, and not upon
the petition of the majority of the prop-
erty owners, it required a vote of three-
fourths of the council in support of the order, and
that the vote taken did not, in fact, fulfill said require-

2. Public im-
provement:
resolution of
necessity: vote
of counsel.

ment.   The objection indicates a misapprehension of the
record, and of the force and effect of the statute.   The pro-
vision of the statute referred to (Code, section 793) is
that "the construction of the improvement shall not be
ordered made until three-fourths of all of the members of
the council shall assent thereto, unless the same shall be
petitioned for by the owners of a majority of the lineal
front feet of the property abutting thereon."   Now, when
was this improvement "ordered made?"   Certainly not at
the meeting of March 19, 1906, when the resolution of
necessity was presented.   Under the statute (Code, sec-
tion 810) all the council was authorized to do at that
meeting was to receive the resolution, and fix the date at
which after due notice it would be put upon its passage.
This order was made as we have seen by a vote of six yeas
to two nays.   The vote was a clear majority of the entire
council (making no deduction for the single vacancy then
existing), and this in our judgment was all that was re-
quired.   By its express terms the statute requiring the
three-fourths vote has reference only to making the order
for the improvement, and this was not attempted in the
present instance until the meeting of April 16, 1906, when
the resolution was passed, and the order made by a vote
of seven yeas and two nays; the vacancy in the council
having been filled.   This was clearly a compliance with
the statute, and the objection to the sufficiency of the vote
can not be sustained.

Objection is also raised to the sufficiency of the record
of the vote by the council for the letting of the second
contract:   It would seem that the clerk did not set out a
detailed statement of the vote in the general
record book, but did record the same upon
sheets of roll calls specially prepared for
that purpose, and this, we think, was sufficient compliance
with the statute.   Moreover, it does appear that all mem-
bers of the council were present, that a roll call was taken

3. SAME: letting
of contract:
record of vote.

on the passage of the resolution, and that all voted in the affirmative.

III. The statute provides that twenty days' notice of the date when the proposed resolution of necessity will be considered by the council shall be given by four publi-

4. NOTICE OF
RESOLUTION OF
NECESSITY:
publication
on Sunday.

cations in some newspaper of general circulation published in the city. The notice in this instance was, in fact, published on each of four successive days in one of the papers of the city more than twenty days prior to the hearing, but the last of these publications occurred on Sunday; and the point is made that such publication can not be taken into consideration, and that in the eye of the law there were but three publications, and any action based upon such incomplete notice is void. It is not to be denied that there is authority tending to support this contention. *Scammon v. Chicago,* 40 Ill. 146; *Shaw v. Williams,* 87 Ind. 158 (44 Am. Rep. 756). But this court is committed to the doctrine that, while the transaction of judicial business on Sunday where not clearly authorized is without authority, yet mere ministerial acts may be lawfully performed on that date. In *State v. Ryan,* 113 Iowa, 538. In 20 Encyc. Pl. & Prac. 1197, this is said to be the prevailing rule in the absence of any prohibitive statute. See, also, *S. & L. Society v. Thompson,* 32 Cal. 347. We are satisfied with the rule as stated, and see no reason to abandon the position taken by us in the *Ryan* case. The publication of the notice was sufficient.

IV. The resolution of necessity described the proposed pavement as one to be constructed of brick and forty-eight feet wide between the curbs; no mention being

5. RESOLUTION
OF NECESSITY:
details of
proposed
improvement.

made as to the foundation or substructure. The council's order to the engineer was to advertise for proposals "for paving Maple Street according to the plans and specifications on file in his office." The advertisements, as made,

called for proposals for the grading, curbing, "paving with brick on a six-inch concrete foundation," and the contract was let on the basis of such specification. Counsel make the point that, as the first resolution of necessity did not mention the requirement of a concrete foundation, the council had no authority to let the contract containing such provision. It is true the statute (Code, section 810) requires the resolution to state, among other things, the kind of pavement proposed and the method of construction; but this, we think, does not make it mandatory that all details of the materials to be used and the method and manner of their use shall be set forth in the preliminary resolution. The office of the published notice is not, we think, to describe the proposed improvement with minute specifications but rather to apprise the public and persons interested of its general character, and give opportunity for investigation and for protest by those desiring to make it. The engineer is presumed to be prepared with the details and with the plans and specifications according to which the work must be performed. Notice that the pavement is proposed to be built of brick, granite, asphalt or wood blocks implies the purpose to construct it upon a sufficient foundation, and in the usual and approved manner. Common observation teaches us that the work of paving ordinarily calls for the use of a large amount of materials other than the principal item from which the pavement under consideration takes its name, and it would be impracticable to burden a resolution of necessity with their recitation. It is sufficient that they may be ascertained by reference to the proper office where interested property owners and contractors may obtain the necessary information. There was no fatal defect in the resolution in this respect.

V. The action of the city council in providing for an increase of the width of a part of the pavement of Maple Street is made another ground for objecting to

the validity of the assessment. It is possible, as argued
on behalf of the appellant, that the manner
in which this was done was unwise or un-
businesslike; but we discover no reason there-
in for holding the assessment void. If, after entering upon
the performance of the work under the first contract, the
city council became convinced that public necessity or
public convenience required the pavement to be wider than
was first contemplated, it would seem to be reasonably with-
in the scope of power vested in that body to legislate upon
the subject, and to take the necessary measures to accom-
plish that purpose. The proceedings had with reference
thereto seem to be in substantial conformity with the stat-
ute, and, if there was any error or irregularity therein
by which the burden of any taxpayer was unduly increased,
the remedy therefor was provided in the right to appeal
from such assessment to the district court. No appeal
having been taken, the objection must be held to have
been waived.

6. SPECIAL ASSESS-
MENTS: waiver
of objection.

VI. Finally, it is said that the notice given for
proposals by contractors was not sufficiently definite and
specific; that the clerk in recording the order for the im-
provement failed to state whether such
order had been made upon the petition of
the property owners or upon the motion of the council;
that a fair and impartial hearing of the plaintiffs' objec-
tion to the assessment was not accorded by the council;
that a committee of the council appointed to confer upon
the matter of their complaint refused to accord them a
hearing, but none of these matters go to the jurisdiction
of the council, and, as already suggested, the remedy for
such grievance is by appeal.

7. SAME.

We find no ground for disturbing the decree entered
by the district court, and the same is *affirmed*.