CITY OF BLOOMFIELD, Appellee, v. S. S. STANDLEY, Appellant.
CITY OF BLOOMFIELD, Appellee, v. J. P. TOOMBS, Appellant.

MUNCIPIPAL CORPORATIONS:  Construction of Public Improve-
    ments—Paving—Resolution of Necessity—Sufficiency—"Method
    of Construction".  Detailed particularity as to *method of con-
    struction* of paving, etc., is not required in the "resolution of
    necessity" provided for by Sec. 810, Code Sup., 1913.  Such
    resolution is sufficient in this regard if it states in a general way
    and in substance that the improvement will be constructed in
    the method and manner provided by the plans and specifications
    thereafter to be adopted by the council before bids are let, even
    though no specific reference is made to such plans and specifi-
    cations.

    PRINCIPLE APPLIED:  On the subject of (a) materials and
    (b) method of construction, the *notice* of the resolution of neces-
    sity provided:
    "The materials to be used in said improvement will be sand,
    gravel, crushed rock, cement, brick, wood blocks, asphalt and
    pitch, any one, more than one or all of said materials may be
    finally adopted for said improvement, and the said improvement
    shall be constructed  .  .  .  in a method adopted and approved
    by said council."
    The *resolution* of necessity contained substantially the same
    provision.  No plans and specifications had been adopted or were
    on file when the *resolution* was later adopted, but such were
    adopted and on file *before bids were invited.*  The notice for bids
    provided:
    "All bids shall be for improvements in accordance with the
    plans and specifications adopted by the council and now on file
    with the city clerk."
    *Held,* (a) the "method of construction" was sufficiently stated
    in the resolution of necessity and (b) the subsequent proceedings
    fully protected the property owner.

*Appeal from Davis District Court.*—C. W. VERMILION,
                    Judge.

SATURDAY, FEBRUARY 12, 1916.

THESE are actions involving the same questions and,
although not consolidated or submitted together, they will

be disposed of in one opinion.   Each is an appeal from a special assessment against defendant's property by the city council, for grading, curbing and paving certain streets upon which the property abutted.—*Affirmed.*

*T. P. Bence* and *W. W. Epps,* for appellants.

*John F. Scarborough* and *T. A. Goodson,* for appellee.

DEEMER, J.—Sometime in the year 1912, the city council of the city of Bloomfield concluded to grade, pave, curb and gutter some of the streets thereof and, to that end, gave notice of a proposed resolution of necessity.   This notice was published for the required time, and the resolution was passed.   Thereafter, proposals for bids were published, and these bids were submitted to the council and contracts were entered into.   The work of construction was commenced in season and completed some time prior to January 1, 1913.   Schedules for assessment of the costs and expenses thereof were made and notices given of a hearing thereof and, on January 31, 1913, the council met to hear objections filed to the assessments and, the objections and protests filed by defendants herein to the proposed assessments against their property having been overruled, the assessments were confirmed and established.   The defendants each appealed to the district court, where the objections were again heard, resulting in judgments confirming the assessments as ordered by the council.   Defendants' appeals are from these assessments.   Whilst many objections were made to the proposed assessments before the city council, some of which were renewed in the district court, the only question presented here is the right of the city council to make any assessment at all, for the reason that it never acquired any jurisdiction of the matter, because of defects in the original proceedings,—that is, in the resolution of necessity, the notice thereof, the proposals for bids, the bids them-

MUNICIPAL COR-
PORATIONS:
construction
of public im-
provements:
paving:
resolution of
necessity:
sufficiency:
"method of
construction".

selves and the contract as let; and these latter revolve around one or two central propositions. These may be stated as follows:

The notice of the resolution of necessity, which was published for the necessary time, recited that:

"The material to be used in said improvement will be sand, gravel, crushed rock, cement, brick, wood blocks, asphalt and pitch, any one, more than one, or all of said materials may be finally adopted for said improvement, and the said improvement shall be constructed . . . in a method adopted and approved by said council."

The resolution was passed May 31, 1912, and at that time, no plans or specifications for the pavement as finally laid had been adopted or were on file with the clerk. These were not presented by the engineer and adopted by the council until June 19, 1912, and after this was done, the council concluded to receive bids on all sorts of pavement, including, by an amended resolution, asphaltic concrete pavement. On June 24, 1912, bids were received and opened. On the 25th of the same month, the council by vote rejected all bids and new plans and specifications were approved and adopted and, on the same day, notice of proposals for bids under these plans and specifications was given. This notice recited that:

"All bids shall be for improvements in accordance with the plans and specifications adopted by the council and now on file with the city clerk, and must be made on blanks furnished by the city clerk or attached to the specifications."

The notice was duly published and, on July 16th, the new bids were opened and considered and the contracts awarded and, under these contracts, the labor was performed and accepted by the council. Subsequent proceedings were either regular or are not challenged on this appeal.

Of the many objections and exceptions taken and filed before the city council and insisted upon in the district court, the only one relied upon here is the sufficiency of the resolution of necessity, the notice thereof, the notice to bidders and

the failure to adopt definite plans and specifications until after the resolution of necessity was passed. It will be observed that these plans and specifications were on file in the city clerk's office before the notice of proposals for bids was given, and that the final notice expressly referred to these plans and specifications. The sufficiency of these plans and specifications is not challenged, save as to time of filing. Six bids were received pursuant to the notice, and these covered cement curbing and paving, as well as grading, concrete bitumen or dolorway, brick pavement with sand and cement and asphalt filler and asphaltic concrete. At least three bids covered asphaltic concrete, and the lowest of these was accepted. After acceptance, the winner assigned its contract to another, and the contract was made with the assignee. Prior to the adoption of Chapters 40 and 41 of the Acts of the Thirty-fourth General Assembly, the statute with reference to the resolutions of necessity and preliminary notice required that they "state the kind of material to be used and the method of construction". See Sec. 810, Code, 1897. The Thirty-fourth General Assembly made this act read:

"When the council of any such city shall deem it advisable or necessary to make or reconstruct any street improvement or sewer authorized in this chapter, it shall, in a proposed resolution, declare such necessity or advisability, stating the one or more kinds of material proposed to be used and method of construction, whether abutting property will be assessed, and, in case of sewers, the one or more kinds and size, and what adjacent property is proposed to be assessed therefor, and in both cases designate the location and terminal points thereof, and cause twenty days' notice of the time when said resolution will be considered by it for passage to be given by four publications in some newspaper of general circulation published in the city, the last of which shall be not less than two nor more than four weeks prior to the time fixed for its consideration, at which time the owners of the property subject to assessment for the same may appear and

make objection to the contemplated improvement or sewer and the passage of said proposed resolution, at which hearing the same may be amended and passed, or passed as proposed.''

The resolution contained the following statement with reference to the kinds of material to be used, and also the method of construction:

''That the materials from which the said pavement, guttering and curbing will be constructed is sand, gravel, rock, cement, brick, asphalt, pitch, any one, more than one, or all of said materials may be used in such proportions and manner and on such streets or portions of streets as may be found advisable and finally determined upon and adopted by the council when or before the contract for making said improvements shall be let.''

It also provided that the construction should be in accordance with plans and specifications thereafter to be adopted by the council. So far as material, the contents of the notice have already been set forth. The plans and specifications, when presented and adopted, stated the materials to be used and the method of construction with sufficient fullness. None of the parties to these appeals appeared to object to the resolution and they never appeared to any of the notices, until the time came for assessing their property. Under the law before its change by the Thirty-fourth General Assembly, passage of the resolution of the necessity and the giving of notice thereof were jurisdictional steps, and without them, the council could not act. If it assumed to act without them, it could not assess at all, unless in virtue of a statute authorizing a re-assessment when the so-called jurisdictional steps were not complied with. The resolution in this case was duly passed and timely notice was given, so that the case turns upon the sufficiency of the contents thereof. It was not required of either that it state the exact kind or quality of material, for the statute now says that each may state the kind or kinds of material to be used. Neither, however, stated the exact method of construction after the kind of

material had been selected; but it was stated that the materials, when selected, should be used in such proportion and manner as "may be found advisable and finally determined upon and adopted by the council". This manifestly had reference to the preparation of proper plans and specifications and the adoption thereof before proposals for bids were made, or at least before notice thereof was given.

Such plans and specifications were procured, afterwards amended and finally adopted before final notices of proposals for bids were published. The real and only question, then, is: Was this a sufficient statement of the method of construction, or, rather, were the plans and specifications referred to timely, or should they have been embodied in the resolution of necessity or placed on file before that resolution was finally adopted, instead of being placed on file after the adoption of the resolution and before requesting proposals for bids? This is the crux of the case.

The manifest purpose of the initial resolution and of the notice thereof is to bring before the parties in interest the question as to whether or not any pavement should be laid, and to give all an opportunity to be heard upon that question. It is not now required that the resolution state the exact kind of·material to be used, and hence plans and specifications for each kind at that time would ·be a useless and expensive formality. Doubtless the general question of whether the pavement, if established, should be of brick, concrete, asphalt, asphaltic concrete or creosote blocks or something else might be a proper matter for consideration; but detailed plans and specifications involving expert advice and service would answer little purpose. After the question of pavement or no pavement is decided, the next question is the material to be used, and finally the method of construction. Upon these latter questions, the council, having acquired jurisdiction by giving the original notice and the adoption of the resolution, held it for further consideration of the kind of material to be used and the method of construction, and everyone in

interest was bound to take notice of the adjournments necessary to accomplish that purpose. If the council in its wisdom concluded that it was not wise to select the material and adopt methods for construction until after bids were received,— as was doubtless the case, for such a course would be that of prudence,—it might then secure its plans and specifications covering all kinds of material, in order to balance one against the other, as was done in this case; and, after procuring them, all parties in interest were protected by the notice given to bidders, which made specific reference to these plans and specifications. This protection was afforded here, and all bidders were advised not only of what they might bid on, but the methods of construction of the different kinds of material.

Property owners were either required to take notice of these proceedings—for no other notice is required—or else they are bound by the published notice of proposals for bids; and in either event they had the right, when these bids were opened for consideration, to object both to the kind of material and the method of construction under which the bid was made. That is to say, they had the right, for example, to say that the bid for brick pavement should not be considered because the plans and specifications for that kind of a pavement were inadequate, whereas the bid on asphaltic concrete, although perhaps higher, should be accepted, because the method of construction guaranteed better results. In other words, the rights of the property owner are sufficiently guarded in this respect. It is true that the statute says that the proposed resolution shall state "the method of construction"; but under the law as it stood before its amendment, it was held unnecessary to have plans and specifications at the time the resolution of necessity is passed. *Gilcrest v. City of Des Moines,* 157 Iowa 525; *Nixon v. City of Burlington,* 141 Iowa 316, 322; *In re Apple,* 161 Iowa 314. In the *Nixon* case, it is said:

"It is true that the statute (Code Section 810) requires the resolution to state, among other things, the kind of pave-

ment proposed and the method of construction; but this, we think, does not make it mandatory that all details of the materials to be used and the method and manner of their use shall be set forth in the preliminary resolution."

Since that time, it has been held that the plans and specifications need not be filed until needed for the purpose of securing bids. See *Miller v. Oelwein,* 155 Iowa 706. In that case, the court said:

"Such plans and specifications are for the purpose of entering into a contract, and not for the purpose of advising the property owner of the nature of the proposed improvement."

In the *Nixon* case, *supra,* it was held unnecessary to do more than state in the original resolution that the pavement was to be constructed of brick (as the statute then required that the kind of material should be stated); as it should be understood that the engineer would prepare suitable plans and specifications for the construction of that particular kind of pavement. The *Gilcrest* case also affirms the same doctrine. These cases seem to settle the only propositions relied upon by the appellants, and it follows that the district court did not err in sustaining the assessments.

We note, however, that in each case, appellee has filed a long amended abstract, containing a great deal of the record in no manner material to a disposition of the question presented. Everything material to be shown, in addition to that contained in appellants' abstracts, could have been embodied in an abstract of not exceeding 15 pages. We therefore order that the cost of printing all except 15 pages of appellee's additional abstract be taxed in each case to appellee. The decrees, however, must be and they are each—*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.