GAIL R. RICHARDSON, Appellee, v. CITY OF DENISON et al., Appellants.

**MUNICIPAL CORPORATIONS:** Paving Contract—Substantial Compliance With Resolution. The construction of a concrete pavement 6 inches in thickness is a substantial compliance with a resolution of necessity fixing the thickness at ·7 inches, in the

absence of evidence showing that the reduction will materially impair the durability of the pavement.

*Appeal from Crawford District Court.*—E. G. ALBERT, Judge.

JULY 6, 1920.

SUIT to enjoin the performance of a contract to lay pavement in the city of Denison. On hearing, the decree was entered, as prayed. The defendants appeal.—*Reversed.*

*Conner & Powers, T. V. Walker,* and *Stipp, Perry, Bannister & Starzinger,* for appellants.

*K. R. Cook* and *Sims & Kuehnle,* for appellee.

LADD, J.—Section 810 of the Code Supplement, 1913, among other things requires that the proposed resolution of necessity shall state "the one or more kinds of material proposed to be used and method of construction." The resolution adopted by the council of the city of Denison, June 9, 1919, recited that "a cement concrete pavement (7) seven inches in thickness" was to be laid. The city council, through its clerk, advertised for bids for the construction of the improvement in accordance with the plans and specifications on file when the resolution was adopted, which exacted that, "upon the subgrade prepared in accordance with these specifications shall be laid the concrete pavement (6) six or (7) seven inches in thickness." The resolution also exacted that said advertisement "shall include the detailed plans and specifications," and that, upon the receipt of satisfactory proposals, pursuant to the resolution and notice, "the city council shall, by resolution, accept the same, and authorize and direct the mayor, with the city clerk, to enter into contract in behalf of the city with the successful bidder, for the construction of said grading, curbing, guttering, and paving, in accordance with

the detailed plans and specifications of said engineer, and ordinances and resolution passed and adopted by the city council and the laws of the state of Iowa pertaining thereto." Blank forms for bids were furnished proposed bidders, in which each was required to state for what he would put in pavement 6 inches in thickness per square yard, and also pavement 7 inches in thickness per square yard. The firm of Aiken & Flutter was found to be the lowest and best bidder, and, as it offered to lay pavement according to the plans and specifications, 6 inches in thickness, for $23,453 less than the 7-inch pavement, the city council concluded to accept the offer to lay the 6-inch pavement, and entered into contract with that firm accordingly. Thereupon, the plaintiff instituted this action to enjoin the performance of said contract, on the ground, as is alleged, that the defendant city was without authority or jurisdiction to enter into said contract for the construction of 6-inch concrete pavement instead of 7-inch pavement, as stipulated in the resolution of necessity. Others in like situation joined plaintiff in seeking the same relief. The defendants do not challenge the facts as recited, but contend that these do not indicate the city council omitted to do or did do anything illegal, or which deprived the city of jurisdiction to make and perform the contract. It will be observed that neither the proposed resolution of necessity nor the notice of hearing thereon is claimed to have been defective. By the adoption thereof, then, the city acquired jurisdiction to make the improvement proposed. *Shaver v. Turner Imp. Co.,* 155 Iowa 492; *Ellyson v. City of Des Moines,* 179 Iowa 882. Such resolution constituted the sole authority of the officers of the city to take bids and enter into the contract. The latter, then, must substantially conform with the requirements of the resolution.

"If it does not so conform, there is, on the one hand, no authority for entering into such contract, and, on the other hand, it is impossible to tell who is lowest bidder, to whom the contract should have been awarded. Accordingly, if the contract does not conform substantially to

the resolution or ordinance, it is invalid, and cannot be the basis of a valid assessment." Section 510 of 1 Page & Jones on Assessments.

The improvement must be the one the resolution calls for, and not something different. See *City of Chicago v. Ayers,* 212 Ill. 59 (72 N. E. 32); *Heman v. Gerardi,* 96 Mo. App. 231 (69 S. W. 1069); *Bay Rock Co. v. Bell,* 133 Cal. 150 (65 Pac. 299). See Section 532 of 1 Page & Jones on Assessments. Our sole inquiry, then, is whether the construction of concrete pavement 6 inches thick is in substantial compliance with a resolution fixing the thickness at 7 inches. It is well known that the depth of concrete required for durability depends largely upon climatic condition, the kind of soil, the extent and character of the traffic, and the like; and, in the absence of any showing, we are not able to say that 6-inch pavement will not serve the purposes of this improvement as well as though it were 7 inches in thickness. If it will prove as durable and efficient in use as would a 7-inch pavement, we are inclined to the opinion that the little reduction in thickness of 1 inch, or 1/7, would not be a material departure from the "method of construction, prescribed in the resolution." Such a resolution need not describe the material or materials of construction with technical nicety. All that is essential is that it state these in a general way, leaving the details to be wrought out in the plans and specifications. *Nixon v. City of Burlington,* 141 Iowa 316; *City of Bloomfield v. Standley,* 174 Iowa 114; *In re Appeal of Apple,* 161 Iowa 314. These were referred to in the resolution and the bidding, and the contract required to be "in accordance with the detailed plans and specifications * * * and resolution." In the absence of evidence indicating that the reduction of 1 inch in the thickness of the proposed cement concrete pavement would materially affect its durability or its adaptability for the purposes proposed, we are not ready to say that there was a material departure by such reduction from the requirements of the resolution of neces-

sity. Surely, such a change, unless materially impairing the efficiency of the pavement or its durability, cannot be said to have produced a different pavement from that authorized by the resolution; and it would seem that, as the city council was authorized to make the pavement, equity ought not to intervene to enjoin the performance of the contract, unless that body should undertake to construct a different pavement from that authorized by the resolution of necessity. Hamilton on Special Assessments, Sections 391, 392; *Wells v. People*, 201 Ill. 435 (66 N. E. 210). The trial court erred in holding otherwise, and its judgment is —*Reversed*.

WEAVER, C. J., GAYNOR and STEVENS, JJ., concur.