# JOSEPHINE GEIB v. COUNTY OF MORRISON.[1]

November 1, 1912.

Nos. 17,627—(25).

**County ditch — findings not contradictory.**

A finding that the proceedings to establish a drain under Laws 1905, c. 230, were regular is not impugned by another finding that certain proof of the publishing or posting of a required notice is lacking or insufficient, for the statute does not require proof of the publication, mailing or posting of the notices therein specified to be filed or preserved in the records of the proceedings.

**Same — suit to remove cloud — estoppel.**

A person who, with knowledge of the proceedings to establish a public drain which benefits his lands, stands by while such drain is being constructed, knowing that the expense thereof must be assessed against the lands benefited, cannot, after the lapse of more than three years, invoke the equity powers of the court to remove the cloud cast upon his said lands by the assessment made in the proceedings on the ground that these were without jurisdiction.

Action in the district court for Morrison county to set aside and vacate as to plaintiff's lands a certain tabular statement, list or assessment for a certain ditch, and to discharge the lands from the apparent lien and cloud on the title. The substance of the answer will be found in the second paragraph of the opinion. The case was tried before Nye, J., who made findings of fact and as conclusion of law ordered judgment dismissing the action. From the judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*A. H. Vernon,* for appellant.

*D. M. Cameron,* for respondent.

HOLT, J.

The action was brought to remove the apparent lien cast upon plaintiff's land by the spreading upon the records of the auditor's

[1] Reported in 138 N. W. 24.

tabular statement of benefits assessed against the land in an alleged invalid ditch proceeding under Laws 1905, p. 303, c. 230. Findings were made and judgment entered pursuant thereto, denying plaintiff relief. She appeals from the judgment.

The return does not contain a settled case or bill of exceptions, so that the correctness of the judgment must be determined by reference to the pleadings and findings alone. It appears therefrom that in February, 1906, proceedings were instituted before the board of county commissioners of Morrison county to establish county ditch No. 17. In September following, the order was made establishing the ditch, and in December thereafter, pursuant to the order, the auditor made and recorded the tabular statement charging the land of plaintiff and other lands with the assessments for the construction of the ditch. Plaintiff has been at all times in question a nonresident. The answer alleged that the ditch was actually constructed under the proceedings; that plaintiff's lands were thereby benefited; that the then owner of the land described in the complaint knew that the ditch was being constructed and made no protest until long after the work had been performed, except by protesting to the payment of the ditch assessment after it had been levied. There was no reply; hence the allegations as to benefit to plaintiff's lands from the construction of the ditch, her knowledge of the work while being done, her failure to object till long after its completion, stand admitted.

The only basis for an attack on the ditch proceedings results from the irregularities found by the court, as appears from the first of these two paragraphs of the findings:

"III. That the proceedings so had and taken by said board of county commissioners were in certain respects irregular in this, that the printer's affidavit of publication of notice of hearing upon said petition does not show that the same was sworn to by the person purported to have made and signed the same; that the proof of posting of notice of hearing to consider the engineer's and viewers' reports is defective in that it fails to show that such notice was posted in Township 39, Range 28, in which township a part of said

ditch was located; that the notice of the meeting of the county commissioners to act upon said engineer's and viewers' reports was in fact posted at the court house door not more than twenty days before the date of said meeting; that the notice of such meeting was in fact posted in Township 39, Range 29, in which township a part of said ditch was located, not more than eleven days before the day of such meeting; but in all other respects the proceedings had and taken by said board of county commissioners in reference to the establishment, laying out and construction of said ditch, were in accordance with law.

"IV. That the ditch heretofore referred to was in fact constructed under the proceedings instituted therefor; that the plaintiff's land was in fact benefited thereby; and that no objection to such proceedings was made by the plaintiff prior to the bringing of this action, nor was any action taken at any time, either by injunction, certiorari, or otherwise, to test the validity of said proceedings, or the taxes attempted to be collected thereunder prior to the bringing of this action."

The two irregularities first specified by the court cannot be material. The finding that all the proceedings were in accordance with law amounts to a finding that the notice of hearing was duly published and posted. Undoubtedly it is commendable practice to preserve proof of such publication by filing an affidavit of the printer as to the paper and issues thereof in which the notice was published, and also proof as to mailing and posting. Where the law so prescribes, it must be done. But it is to be observed that the statutes relating to these proceedings are silent on the matter. The county commissioners are required to satisfy themselves that the prerequisite notice has been given, and their order establishing the ditch is prima facie proof thereof. Laws 1905, p. 336, c. 230, § 48.[1] So also the finding that the proof of posting the notice of hearing to consider the engineer's and viewers' reports is defective, in that it fails to show that such notice was posted in Town 29, Range 28, in which township a part of the ditch is located.

[1] [R. L. Supp. 1909, § 2651-91.]

is not material, for it is not a finding to the effect that such notice was not in fact posted.

The court, however, does find that the notice on the engineer's and viewers' reports was not posted for the requisite number of days before the hearing at the court house, and in the township where is plaintiff's land and part of the ditch. Whether the failure so to do ousted the commissioners' jurisdiction, if they had acquired it by the due notice of the hearing on a proper petition for the ditch, or whether they could not obtain any jurisdiction because the notice was not posted in the places mentioned in the findings the length of time required, or whether plaintiff, being a nonresident, the service of the notice by mail, as required by the statute, was sufficient to give jurisdiction as to her interest in the land, we need not stop to consider in this case, for we are of opinion that the record shows that plaintiff is not in position to invoke the aid of the court. Her knowledge of the construction of the ditch is established by failure to reply to the answer alleging such knowledge. The ditch benefited her lands. She permitted the county and persons interested to incur the expense of the enterprise, knowing that the same would be assessed against lands benefited. No objection was made by her in the ditch proceeding and no appeal taken from the order therein. She waited almost four years after the work was done before bringing the present action. Her conduct has been such that her suit at this time ought not to move the court of equity to her aid.

In State v. Johnson, 111 Minn. 255, 126 N. W. 1074, the court intimates that where a property owner stands by and witnesses the expenditure of public funds in improvements which confer special benefits upon his property, and where the character of the improvement is such that it must be paid for by an assessment upon the land benefited, he ought not to be permitted to question the validity of an assessment for improvements made under color of law.

This rule is firmly established in Indiana, as appears from Board v. Plotner, 149 Ind. 116, and the cases therein cited. In Atwell v. Barnes, 109 Mich. 10, a case to enjoin the collection of a drainage tax, the contention was made that the defects in the drain proceeding were jurisdictional. The court says: "Where this is the case,

no waiver can cut off the rights of the party, or interfere with his right to complain. We need not determine what would be the right of complainant at law. The cases above cited [Bryan v. City of Detroit, 50 Mich. 56; Lundbom v. City of Manistee, 93 Mich. 170; Goodwillie v. City of Detroit, 103 Mich. 283] do not turn on the principle of waiver, but hold that, where a party stands by and sees work of this kind go on, with full knowledge that he is to be assessed therefor, and knowing that those who do the work can be compensated in no other way than by an assessment for benefits, and when, as in the present case, the complaining party actually receives a benefit from such work, equity will not interpose to relieve him." Kellogg v. Ely, 15 Oh. St. 64.

We therefore hold that plaintiff, having stood by while a ditch was constructed which benefited her land, with full knowledge of the proceedings and that the expense thereof would necessarily be assessed against lands benefited, she cannot now after a lapse of more than three years after completion of the enterprise, invoke equitable relief.

The judgment is affirmed.