OBION COUNTY, FOR USE OF HOUSER CREEK DRAINAGE
DISTRICT *v.* H. O. HEAD, SR.*

(*Jackson.* April Term, 1927.)

Opinion filed; July 16, 1927.

1. TAXATION. Drainage District Assessment.

The validity of an assessment made by official authority cannot be challenged when the proceedings of the assessing court have not been introduced in evidence. (Post, p. 593.)

2. SAME. Same. Presumption.

In the absence of any evidence showing the proceedings of the county court (the body authorized to, make the assessment) to be void, presumed that notice was given as required by law and that the entire proceeding is regular and the assessment valid. (Post, p. 593.)

Citing: Act 1909, chapter 25.

3. SAME. Same. Assessments.

Notice of a second assessment upon ratio of original assessments not essential to validity. (Post, p. 593.)

Citing: 144 Tenn. (Thompson), 664.

4. SAME. Same. Same.

An assessment otherwise regular cannot be challenged on the ground of distribution of annual assessments into semi-annual payments, unless taxpayer shows he was injured or his. rights impaired thereby. (Post, p. 593.)

5. SAME. Same. Same.

The certificate of the county trustee charged with the duty of making delinquent statements from the assessment cases is conclusive without proof to falsify the statement. (Post, p. 594.)

---

*On loss of right to contest assessment in drainage procedure by waiver, estoppel or the like, see annotation in 9 A. L. R., 842; 9 R. C. L., 653; 2 R. C. L. Supp., 850; 4 R. C. L. Supp., 618.

Citing: 2 Jones on Taxation & Assessments, secs. 1135, 1277, 1296; Acts 1909, ch. 185, sec. 33. .

6. SAME. Same. Res Ajudicata.

The question as to whether land is benefited by the establishment of the drainage district is one of fact foreclosed by the judgment of the court in the proceedings through which the district was established. (Post, p. 594.)

Citing: Carrier v. Morristown, 148 Tenn. (21 Thomp.), 585.

Distinguishing: City of Alcoa v. L. & N. Railroad Co., 152 Tenn. (25 Thomp.), 202.

7. SAME. Same. Collateral attack.

A party to the proceeding establishing a drainage district cannot in another and subsequent proceeding to collect the assessment resist assessments made after opportunity for hearing. (Post, p. 595.)

Citing: Page & Jones on Taxation by Assessment, secs. 986, 1339; Wabash Rd. v. Drainage District, 10 L. R. A. 292; Mound City Land Co. v. Miller, 60 L. R. A., note C. 208; Thomlinson v. Board of Equalization, 98 Tenn. (14 Pick.), 1; Briscoe v. McMillan, 117 Tenn. (9 Cates), 115; Carriger v. Morristown, 148 Tenn. (21 Thomp.), 585.

Note: Geib v. County, 9 A. L. R., 839.

8. CONSTITUTION. Taxation. Assessment.

Assessment of property for support of drainage district not violative of Due Process Clause of the Constitution. (Post, p. 595, 596.)

Citing: Coulter v. Obion County, 153 Tenn. (26 Thomp. & Cornelius), 469; Obion County v. Head, Ms. opinion, April Term, Jackson, 1926.

---

*Headnotes 1. Drains, 19 C. J., sections 286, 288; 2. Drains, 19 C. J., section 271; 3. Drains, 19 C. J., section 288; 4, 5. Drains, 19 C. J., section 261; 6. Constitutional Law, 12 C. J., section 991 (Anno); Drains, 19 C. J., section 12.

---

FROM OBION

---

Appeal from the Chancery Court of Obion County.— HON. V. H. HOLMES, Chancellor.

F. J. SMITH, C. N. LANNOM and H. H. LANNOM, for appellee.

W. M. MILES and H. O. HEAD, for appellant.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed to enforce payment of special assessments against defendant's land that were made upon establishment of Houser Creek Drainage District by decree of the County Court of Obion County, in a proceeding styled *Charles Everett et al.* v. *Mirian Edwards et al.* The County Court proceeded under authority of Chapter 185, Acts of 1909, and Chapter 25, Acts First Extra Session 1913. It is alleged in the bill that assessments made under that proceeding upon defendant's land became delinquent and were certified by the County Trustee from the assessment roll in his office as provided in Section 33, Chapter 185, Acts of 1909. The Chancellor gave a decree for the taxes certified by the Trustee as delinquent, and the defendant has appealed and assigns errors through which it is insisted:

1. That the certificate of the Trustee was insufficient proof of his liability.

2. That the Board of Directors of the District and the County Court were without authority to distribute the assessments so as to become payable semi-annually instead of annually as provided by the Act.

3. That the second assessment made upon his property was without notice or opportunity for hearing and is void.

4. That the Statutes authorizing the establishment of Drainage Districts in this State violate the due process of law provisions of the State and Federal Constitution, because they do not provide for notice to the landowner, nor afford a hearing before an impartial tribunal upon the question of benefits conferred by the improvement, and for that reason are void.

The Houser Creek Drainage District was established by a decree of the County Court as appears from this record, but the record of the County Court proceeding was not introduced and is not a part of this record. In the absence of any evidence showing the County Court proceeding to be void, we must assume that notice was given as required by the Act of 1909, and that the entire proceeding in which the assessment was made upon defendant's property is regular and the assessment valid.

In *Brite* v. *Grubbs*, 144 Tenn., 664, the question of additional assessments in proceedings to establish Drainage Districts was discussed. It was held that additional assessments upon the ratio of original assessments could be made upon the land of parties who were before the court without additional notice.

It does not appear from the record that the defendant was injured or his rights impaired in consequence of the distribution of the annual assessments into semi-annual payments. His liability was not increased by this irregular act of the Board of Directors, and the assessment covering the annual period was not declared delinquent before the end of the year, nor certified until after the expiration of the annual period when it would be delinquent under the provisions of Section 32, Chapter 185, Acts of 1909, in which it is provided that assessments levied under the Act shall become due and payable and

delinquent at the same time State and County Taxes become due and delinquent. Without injury to, or impairment of his rights by the alleged irregularity of the Board of Directors in dividing the annual payments into semi-annual payments, the defendant could not thereby avoid the assessment otherwise regular.

Section 33, of the Act of 1909, provides that the County Trustee shall make out from the Drainage Assessment Books a statement showing lands on which assessments are delinquent, and certify as Trustee to the correctness of such statement, which shall be *prima-facie* proof of the fact certified and sufficient to authorize a decree for sale in the absence of rebutting proof. There is no evidence in the record to challenge the accuracy of the certified statement made by the County Trustee, and without proof to falsify that statement, the certificate is conclusive. 2 Jones on Taxation & Assessments, Sections 1135, 1277, 1296.

Through his answer the defendant asserts the right to contest the validity of the assessment by the County Court in this proceeding to enforce payment. He insisted that his lands were not benefited by the establishment of the Improvement District and by the assessment thereon, and presented proof of the fact that his land was not benefited or at least the assessment exceeded the benefits conferred. By his answer the defendant raises a question of fact, foreclosed by the judgment of the County Court in the proceeding through which the District was established, and the assessment made against his lands. Ordinarily the question of special benefit to the property upon which the assessment is made is one of fact, and the determination of the fact by the tribunal having power to make the assessment is controlling. *Carriger* v.

*Morristown,* 148 Tenn., 585.   The case of *City of Alcoa* v. *L. & N. Railroad Co.,* 152 Tenn., 202, is not contrary to the principle observed in *Carriger* v. *Morristown, supra.   Alcoa* v. *Railroad, supra,* presented a question of law upon the undisputed facts involved—that is, whether or not a railroad right of way exclusively used for the location of tracks, and the passage of trains was subject to abutting property assessments to pay cost of constructing sidewalks parallel with the railroad tracks.

It is not denied that the defendant was a party to the County Court proceeding in which the District was established and the assessment made upon his property. That being true, there can be no inquiry in this collateral proceeding to determine the question of benefits.   Parties to such proceedings in another court, or before another tribunal, cannot in a subsequent independent proceeding, brought to collect delinquent assessments, resist assessments made after opportunity for a hearing, that have become final by a prior judgment which establishes facts contrary to the contention presented in the subsequent proceeding.   This proposition requires, we think, no elaboration.   It is supported by cases cited in Page & Jones Taxation by Assessment at Sections 986 and 1339, and in *Wabash Railroad* v. *Drainage District,* 10 L. R. A., 292; *Mound City Land Co.* v. *Miller,* 60 L. R. A. Note C, page 208, and in principle by our cases of *Tomlinson* v. *Board of Equalization,* 98 Tenn., 1; *Briscoe* v. *McMillan,* 117 Tenn., 115; *Carriger* v. *Morristown,* 149 Tenn., and cases cited on page 606, and also in the comprehensive note to *Cobb* v. *County,* 9 A. L. R., 839.

The propositions presented through the other assignments of error, and which challenge the validity of Chapter 185, Acts of 1909, and amendatory Acts, because vio-

lative of the Due Process Clause of the Federal and State Constitutions were fully discussed, and a conclusion reached adverse to defendant's contention on a former appeal in the cause styled *Coulter* v. *Obion County,* 153 Tenn., 469, and also in the consolidated causes of *Obion County* v. *Earl Davidson,* and *Earl Davidson* v. *Mercantile Trust Co.,* Ms. Opinion filed at the April Term, 1926, at Jackson.

For the reasons stated in those opinions, we are constrained to declare the Act not violative of the Constitutional provisions invoked by the defendant.

Justice Swiggart took no part in the consideration or decision of this case.

Affirmed.