SHELBY COUNTY, TENNESSEE, ex rel. v. MRS. H. ANDERSON, et al.

Western Section. July 3, 1929.

Petition for Certiorari denied by Supreme Court, March 1, 1930.

438

John Brown and Klewer, Gailor & Exby, all of Memphis, W. E. Norvell, of Nashville and R. E. L. Gallimore, of Greenfield, for appellees.

Miss Frances Wolf, of Memphis, for appellants.

OWEN, J. On December 31, 1924, Shelby county, for the use and benefit of the Big Creek Drainage District of said county, filed eight

bills, against twenty-five defendants to each bill, in the chancery court of Shelby county to collect delinquent drainage district assessments owing by the defendants made against the various properties of the respective defendants under the proceedings establishing the Big Creek Drainage District of Shelby county, which drainage district was established by the probate court of Shelby county, Tennessee, in accordance with Chapter 185 of the Public Acts of 1909, as amended by Chapter 25 of the Public Acts of 1913, first extra session, and by chapters 61, 62, 63, and 75 of the Public Acts of 1915.

The bills prayed for a judgment for the amount of the assessments owing by the respective defendants, that a lien therefore be declared on the respective properties of the defendants so assessed, and for sale thereof in default of payment of the judgments.

The Big Creek Drainage District comprises 21,844 acres of land which land is owned by more than 250 different owners and the town of Millington also lies within the boundaries of this drainage district, pro confesso was entered as to a great number of these defendants. Certain defendants, however, filed answers to the various eight bills denying the validity of the proceedings establishing the said drainage district and alleging that the said Acts of 1909 and amendments thereto, under which said district was established, were unconstitutional and denying that the assessments made against the respective properties were valid.

These cases were thereafter, by agreement, consolidated as to all the defendants who litigated. Upon final hearing the court dismissed the bill as to the following seventeen defendants: Annie L. Bolton, W. H. Bolton, estate, W. H. and Annie Bolton, E. T. Corbett, E. V. Corbett, J. N. Corbett, Thomas Corbett et al.; Emmett Crenshaw, Russell Crenshaw, J. H. McFerren, Esther Smith, N. C. Smith, D. E. Stewart, Mrs. Fannie Stewart, J. A. Stewart, and Mrs. Hannah Thompson.

The court held that these defendants had not been properly made parties in the proceeding establishing the drainage district in the probate court.

The complainant has appealed and assigned errors upon the action of the court in dismissing the bills as to the above named defendants. Nineteen defendants have appealed from the decree of the Chancellor and assigned errors. The court held these defendants liable because they had acquiesced in the establishment of the drainage district by paying one or more years assessments levied against their land. The defendants who have appealed, hereinafter called appellants, have assigned eleven errors. These errors raise the following propositions:

The first and second assignments insist that the court erred in holding that the first notice to the property owners in the drainage district was sufficient.

By the third and fourth assignments it is insisted that the court erred in not holding that the second notice was void because it was published in a daily paper and not in three weekly newspapers, there being no showing that there were not as many as three weekly newspapers published in Shelby county and the notice was published in a daily paper.

By the 5th, 6th, 7th and 10th assignments it is insisted that the court erred in holding that these appellants were estopped by reason of having paid one or more installments of the drainage assessments.

The 11th assignment complains of the court's holding that these appellants were guilty of laches, this assignment will be considered with the 5th, 6th, 7th and 10th.

The 8th and 9th assignments complain of the court holding that these appellants were cut off from showing that their lands were not benefited by the improvement district and holding that the decree of the probate court of Shelby county was conclusive on the question of benefits.

The complainant has assigned five errors which raise the following questions:

(1) The court erred in dismissing the bill as to the defendants heretofore named in this opinion, because the certified delinquent list of the county trustee made out a prima-facie case which was not rebutted by the proof of the defendants or the record of the court organizing the drainage district.

(2) The court erred in holding that the notice by publication given by the probate court of Shelby county, Tennessee, was irregular and invalid.

(3) The court erred in holding that the statute required two publications seven days apart in order to give the probate court of Shelby county jurisdiction to fix and determine the amount of the assessments in the Big Creek Drainage District.

(4) The court should have held that there was a substantial compliance with chapter 185 of the Acts of 1909, section 11, as amended, in giving notice of the fixing of the assessments in the Big Creek Drainage District.

(5) The court should have held that these defendants were guilty of laches and that they were estopped to deny the validity of the assessments.

While the answers of the defendants attack the constitutionality of the Act under which the drainage district, in question, was created, that question was not pressed in the lower court and is not insisted on here.

The record on this appeal is a very large one consisting of three volumes, one volume being the proceedings of the probate court of Shelby county establishing the Big Creek Drainage District. These

appeals were very ably argued at the bar and we have been furnished full briefs by both parties and since the argument of the appeals we have been furnished with splendid reply briefs by both parties.

The constitutionality of this Act was settled in the case of Obion County v. Earl Davidson et al., by the Supreme Court in an unpublished opinion delivered by Mr. Justice Cook at the December, 1925, term of the Supreme Court. Likewise, the Supreme Court in the Davidson case settled the question of benefits which apply to the assignments nine and ten of the appellants. The court said:

"The statute gave each landowner an opportunity to be heard upon the question of benefits before the assessment became final, and the decision of the county court that the improvement would confer a special benefit upon the lands was final, there being no charge of fraud or bad faith on the part of those who advanced the money. The benefits assessed in the county court are conclusively presumed and the assessment is not now open to review. Barber Asphalt Paving Co. v. French, 54 L. R. A., 500-1; Carriger v. Morristown, 148 Tenn., 585; L. & N. Railroad Co. v. Barber Asphalt Co., 197 U. S., 432; Board of Directors, 140 S. W., 585; Sheppard v. Baron, 194 U. S., 553."

In the case of Obion County v. Head, 155 Tenn., 590, our Supreme Court said:

"Section 33, of the Act of 1909, provides that the county trustee shall make out from the drainage assessment books a statement showing lands on which assessments are delinquent, and certify as trustee to the correctness of such statement, which shall be prima-facie proof of the fact certified and sufficient to authorize a decree for sale in the absence of rebutting proof. There is no evidence in the record to challenge the accuracy of the certified statement made by the county trustee and without proof to falsify that statement, the certificate is conclusive. 2 Jones on Taxation and Assessments, sections 1135, 1277, 1296.

"Through his answer the defendant asserts the right to contest the validity of the assessment by the county court in this proceeding to enforce payment. He insisted that his lands were not benefited by the establishment of the improvement district and by the assessment thereon, and presented proof of the fact that his land was not benefitted or at least the assessment exceeded the benefits conferred. By his answer the defendant raises a question of fact, foreclosed by the judgment of the county court in the proceeding through which the district was established, and the assessment made against his lands. Ordinarily the question of special benefit to the property upon which the assessment is made is one of fact, and the determination of the fact by the tribunal having power to make the assessment is controlling.

Carriger v. Morristown, 148 Tenn., 585. The case of City of Alcoa v. L. & N. Railroad Co., 152 Tenn., 202, is not contrary to the principle observed in Carriger v. Morristown, supra. Alcoa v. Railroad, supra, presented a question of law upon the undisputed facts involved—that is, whether or not a railroad right of way exclusively used for the location of tracks, and the passage of trains was subject to abutting property assessments to pay cost of constructing sidewalks parallel with the railroad tracks.''

As to the sufficiency of the first notice raised by the defendants' assignments, 1, 2 and 3, wherein it is insisted that the notice should have been in a weekly paper instead of a daily paper.

We are of the opinion that the defendant had proper notice of the proceedings in the probate court of Shelby county establishing the Big Creek Drainage District. The engineers filed their report May 12, 1920, which was made in pursuance of the order of court as provided by the statute, and which report was spread on the minutes of the court. It appears that all the proceedings connected with the establishment of the Big Creek Drainage District were spread on the minutes of the probate court. The probate court of Shelby county is a court of record and the decrees of this court are entitled, as against a collateral attack made thereon, to the same conclusive presumptions and effect as are decrees and orders of the chancery or circuit courts of this State. Our Supreme Court, in Obion County v. Davidson, supra, said:

"The recital of the decree of the county court shows that notice was served as required by the Act of 1909, and that publication was made as required by the Act of 1913. The decree reciting these facts has been set forth at length. Such a recital is conclusive on collateral attack, unless positively contradicted by the record itself. Walker v. Cottrell, 6 Bax., 257; Gilchrist v. Cannon, 1 Cold., 587; Kilcrease v. Blythe, 6 Humph., 378; Netherland v. Johnson, 5 Lea, 340.

"It is said, however, that a copy of the notice which appears in the record omitted a statement showing the special assessment apportioned to each tract. Due process of law requires notice and an opportunity to be heard. In this case all the parties were served with summons as required by section 4, chapter 185, Acts of 1909. All the appellees or their predecessors in title, were before the county court either as petitioners seeking to have the district established, or as defendants with notice of the purpose of the proceeding, and with an opportunity and a right to resist any order made at any time during the progress of the proceeding.

"The Legislature conferred original jurisdiction upon the county court to establish the district and to levy assessments to cover the cost of the improvement. That court declared that legal notice was given each land owner by both service under the original Act and publication under the amended Act. If the decree erroneously recited those facts it was the duty of any party to the proceeding to challenge it by appeal where, upon review, the error might be corrected. Having failed to appeal the judgment of the county court became final, and it is not now open to collateral attack upon the ground that the notice given under the Act of 1909 was irregular. 2 Paige & Jones on Taxation by Assessment; Prince v. City of Boston, 111 Mass., 226.

"Objection to the notice on the ground of insufficiency cannot be made for the first time in an action to enforce payment of delinquent assessments. 60 L. R. A., Note 4, pp. 214-15; McMullin v. The State, 105 Ind., 334; Deegan v. The State, 108 Ind., 155.

The notice in the instant case and publication thereof, was in strict compliance with the statute. Chap. 185, Acts of 1909; Chap. 25, Acts of 1913, 1st Ex. Sess., sec. 2; Chaps. 62, 63, Acts of 1915, sec. 1.

And this notice, and the publication thereof, was found by the probate court to have been in full compliance with said statutes.

This notice, as so published, satisfied in all respects the due process of law requirements of the Constitution. Chap. 185, Acts of 1909, sec. 4; Chap. 25, Acts of 1913, 1st Ex. Sess., sec. 2; Chap. 62, Acts of 1915, secs. 1 and 2; Chap. 63, Acts of 1915, sec. 1; Ballard v. Hunter, 204 U. S., 241; 27 Sup. Ct., 261; 51 Law Ed., 461.

By the filing of the petition, the making and filing of the report of the engineers, and the publication of said notice, the probate court of Shelby county properly acquired jurisdiction of the proceedings, and the Big Creek Drainage District of Shelby county was thereby properly established. Chap. 185, Acts of 1909, secs. 1, 2, 3, 4, 5, 6, 7, and 8; Chap. 25, Acts of 1913, 1st Ex. Sess., sec. 2; Chap. 61, Acts of 1915, secs. 1 and 2; Chap. 62, Acts of 1915, secs. 1 and 2; Chap. 63, Acts of 1915, sec. 1; People ex rel. Barber v. Chapman, 127 Ill., 387, 19 N. E. 872.

The Act of 1909 and the Act of 1913 were both amended by chapter 62 of the Acts of 1915, and it was there provided as follows:

"That publication in a newspaper published in the county where the petition is filed and proceeding is pending, for two consecutive weeks, of the time and place set for the hearing of the petition to establish such district, shall be sufficient notice to the persons concerned as owners, lien holders, encumbrances, mortgages, occupants, or in any way, whether residents of the

State or nonresidents of the State, the last publication to be at least ten (10) days before the date set for such hearing; and such notice by publication shall have the same force and effect upon those concerned as aforesaid, who are not petitioners, and who are residents of the State, as well as nonresidents, for all purposes of the proceeding, as process would have duly issued from the court and served personally upon them by an officer; and such publication notice need not give the names of the persons thus notified to appear, but need give only a brief statement of the purpose of the hearing, a reference to the petition on file for further information, as to the purpose of the proceeding, before what court the petition is to be heard, and the time and place of the hearing.

"Provided, if the proposed district is to embrace lands in more than one county, if established, such publication shall be made in one newspaper published in each of said counties."

This Act requires a notice to be published in a newspaper and published in the county, where the petition is filed and proceeding is pending, for two consecutive weeks. As to the first notice, we are of the opinion that the assignments are not well taken, that by this notice the probate court of Shelby county acquired jurisdiction of all the parties and their lands mentioned in the petition to establish the drainage district.

It results that the first and second assignments of error are overruled. We next consider the question of estoppel and laches. The Chancellor, in his finding of facts, among other things found that:

"It appears that the defendants making defense in this cause paid one or more installments of the assessments made upon their lands. These payments were made voluntarily and without protest. In Collins v. Pottawattamie County, 158 Iowa, 322, 138 N. W., 1095, it was held that where a property owner voluntarily pays his assessment he is estopped from objecting to the sufficiency of the notice. Payment of installments of assessment was held by our court, in Obion County v. Coulter, 153 Tenn., 471, not to estop a landowner from attacking the constitutionality of the Drainage Act, where it appeared he took no part in the proceedings to establish the district. The general rule is that where the court has jurisdiction of the subject-matter of the suit, its judgment will be held valid, though insufficient notice be given, if the party affected thereby acquiesces in or ratify the judgment pronounced. 'The generally accepted doctrine is that the party who would have a right to avoid the judgment may give it validity by his acceptance and ratification of it, or be estopped by his conduct to impeach its validity.' 23 Cyc., 698. In Haynes v. Powell, 69 Tenn. (1 Lea), 347, it was held that

where property is sold under void proceedings the defect may be cured by the subsequent ratification of the party interested. It appears that the property of Haynes was sold in a proceeding without service of process or appearance by him. The court said: 'It is perfectly competent for a party to acquiesce in and ratify a sale of his property made in the first instance without authority.' In the case at bar defendants had been brought into court by proper publication. They were bound by the decree of the probate court, of July 7, 1920, forming and establishing the district. After the entry of the decree defendants were cut off, except on appeal, from showing that their lands would not be benefitted by the improvement. Sec. 3971A59; Obion County v. Coulter, 153 Tenn., 469, 493.

"Thus defendants' lands had been validly and finally adjudged benefited. Damages, apportionment and assessment alone remained to be determined. The Commissioners made their report classifying all lands benefited by the location and construction of the improvement. Notice to the land owners of the hearing on the report of the Commissioners was ordered by the court, for two consecutive weeks. The notice, as ordered, was published, but through some inadvertence appeared twice in the first week and not at all in the second week. The court entered a decree fixing the apportionments and assessments and subsequent necessary steps were taken in the proceeding and the assessment book placed in the hands of the county trustee for collection. The first installments was due for the year 1921, which was paid by those defending here. The improvement was not completed until in the year 1923. Acceptance and ratification of the apportionment and assessment made by the court surely would not be shown by stronger proof than by voluntary payment in accordance with the provisions of the decree. Defendants made no claim of want of sufficient notice of the hearing on the Commissioners' report until May 21, 1925, when they made answer in this case—a period of time four years subsequent to their acceptance of the assessment and two years subsequent to the completion of the improvement. This long delay is unexplained. After becoming acquainted with the exact amount for which their lands were taxed, defendants took no steps seeking a reassessment. After the lapse of years they come forward, when sued for delinquent installments of the assessment, and undertake to say that their lands were not benefited by the improvement and that they had no sufficient notice of the making of the assessment. As I have heretofore stated, the decree establishing the district, from which defendants did not appeal, was final on the question of benefits. The payment of installments of the as-

sessment, without objection or compulsion showed defendants satisfaction with the apportionment and the assessment made by the court on their lands. I hold, therefore, in accord with the general doctrine, those defendants who have paid one or more of their assessments thereby accepted and ratified the judgment of the court fixing the same.''

The principle of estoppel because of silence was applied in the case of Catts v. Smyrna, 10 Del. Ch., 263, 91 Atl., 297. In that case it appeared that property owners knew that a paving improvement was being made, and that the cost would be assessed against their land as a special benefit. By standing by without objection it was held that they had waived the right to contest the validity of the assessment on the ground that there was an irregularity in the notice and demand made on the property owners to do the work. See, also, Muncey v. Joset, 74 Ind., 409, holding that a property owner making no objection until after the work has been fully completed cannot escape payment on the ground of lack of proper notice of letting the contract.

One who stands by while a drain is being constructed, knowing that the expense thereof must be assessed against the lands benefited, cannot after the lapse of more than three years, ask a court of equity to have the assessment declared invalid on the ground that the notice of the hearing on the report of the engineers and on the report of the viewers were not posted for the requisite number of days before the hearing. Geib v. Morrison, 119 Minn., 261, 138 N. W., 24.

And the defendants in this suit owning the land in the district had notice of the proceedings under the first publication and must have known of the doing of the work. In the case of Partee v. Cleveland Trinidad Paving Company (Okla. 1918), 172 Pac., 945, the court, passing on a similar proposition, said:

''. . . A property owner who sits by and sees such improvements made with the knowledge that the city authorities intend to levy and collect a special tax against his property, and that those who do such work cannot be compensated in any other way, and there is no objection thereto until complete performance of the work has been made cannot thereafter maintain an action to enjoin the collection of assessments against his property on the ground of alleged irregularities in the proceedings subsequent to the date the jurisdiction to perform such work had attached.''

In the case of McCoy v. Able, 131 Ind., 417, 30 N. E., 453, the court said:

''Principle and authority forbid that property owners should be allowed to stand by inactive and passive until after the work has been done, and then come in and take from the contractor

the value of his work and materials without compensation. For such persons the law has no very tender regard.'' McCoy v. Able, 131 Ind., 417, 30 N. E., 528, 31 N. E., 453.

''The authorities fully justify the statement that, where an improvement is made under color of statutory proceedings, unless such proceedings be so totally and palpably void that the person who made the improvement or performed the work must have proceeded with a degree of recklessness that amounted to bad faith, the property owners who stood by and received the benefits assessed against his property will be estopped to assert the invalidity of the proceedings without first paying or offering to pay the benefits.'' Prezinger v. Harness, 114 Ind., 491, 16 N. E., 495.

It results that there is no error in the Chancellor's holding on the question of estoppel and laches. All assignments of error of the defendants are overruled.

On Shelby county's appeal, we are of the opinion that the second notice cannot be declared invalid or void on a collateral attack. The probate court of Shelby county, Tennessee, having determined by its decree that notice had been given as required by the statute once a week for two consecutive weeks, the said adjudication and recital in the decree of the probate court cannot be declared void by the chancery court of Shelby county, in the absence of a clear showing by the record in the probate court that there was no legal and valid publication and in the absence of any proof in the chancery court of Shelby county that there was no sufficient legal publication in the probate court proceedings.

The Chancellor found in the record establishing the delinquent list and relative to the second notice an affidavit of J. W. Hays, secretary of the Commercial Publishing Company, in which affidavit it was stated that the second notice appeared in the Commercial Appeal October 22nd and October 27, 1920. There is nothing to contradict or show that the judge of the probate court did not have other proof as to this publication, it may be that the figures 27 were intended for 29, anyway, the solemn decree of a court of competent jurisdiction should not be rendered void on an ex parte affidavit. This affidavit is dated November 8, 1920. The Chancellor found that one publication appeared on Friday, by this affidavit, and the next on Wednesday; that there should have been seven days between the first and second publications.

Said our Supreme Court, in Obion County v. Davidson, supra, in speaking of notices:

''As parties to the proceeding in the county court which was given original jurisdiction to establish the district and levy

special assessments to bear the cost of the improvement, the appellees could exact strict observance of every formality prescribed by the Statute. After the district was established by the final judgment or decree of the county court, and after the expenditure of the money borrowed on faith of the proceeding, and assessments made under it to repay the borrowed money they cannot go behind the judgment of the county court and show more irregularities which are not material to the conclusion of the county court, and set them up as a means of invalidating the assessment. 60 L. R. A., Note B, p. 174.''.

''Parties to the proceeding, whether petitioners or whether defendants, in court by summons cannot in a subsequent independent proceeding brought to collect delinquent assessments, resist the assessments made in the other court in a proceeding that is binding upon them and made final by a prior judgment, which establishes facts contrary to their contention. This requires no elaboration. It is supported by cases cited in Jones & Paige, Taxation by Assessment, at Sections 986 and 1339, and in Wabash Railroad v. Drainage District, 10 L. R. A., 292; Mound City Land Co. v. Miller, 60 L. R. A., Note C, p. 208, and in principle by our own cases of Tomlinson v. Board of Equalization, 88 Tenn., 1; Briscoe v. McMillan, 117 Tenn., 115, and Carriger v. Morristown, 149 Tenn., —, and cases cited on page 606. and also by the comprehensive note under Geib v. Country, 9 A. L. R., 839.

The failure of the defendants to appeal from, or obtain certiorari, the order of the probate court of November 11, 1920, in our opinion, precludes the defendants from now raising the question of the validity of the publication of the second notice. The decree of the probate court of November 11, 1920, recites the following:

''It appearing to the court that . . . the clerk of the county court of Shelby county, Tennessee, had caused to be given notice by publication in the Commercial Appeal, a newspaper published in Memphis, Shelby county, Tennessee, and that said notice had been published once each week for two consecutive weeks in said Commercial Appeal . . . ''

The following authorities support the county's insistence that the second notice is valid or that the defendants cannot make a collateral attack upon the decree of the probate court in the instant case; that the decree of the probate court, in the Big Creek Drainage District proceedings, is entitled. as against a collateral attack made thereon, to the same conclusive presumptions and effect as are decrees and orders of the chancery or circuit courts of this State: Williamson & Co. v. Shelton (Dec. 22, 1928), 11 S. W. (2d Ser.), 882; Obion Co. v. Davidson, supra; Franklin v. Franklin, 91 Tenn., 119; Money

v. Hicks, 143 Tenn., 413, 416, 417; Eller v. Richardson, 89 Tenn., 575; Ry. Co. v. Mahoney, 89 Tenn., 310; Crocker v. Balch, 104 Tenn., 6; State v. Anderson, 16 Lea, 321; Brien v. Hart, 6 Humph., 130; Stanley v. Sharp, 1 Heisk., 417.

We are of the opinion that the affidavit of the publisher cannot overturn or contradict the recital in the decree of the probate court or county court of Shelby county of November 11, 1920.

The defendants claim no fraud in the procurement of this decree. It is binding upon all of the defendants mentioned in said notice. Williamson & Co. v. Shelton et al. (Sup. Ct. Tenn., Dec. 22, 1928), 11 S. W. (2d Ser.), 882; Obion County v. Davidson (Sup. Ct. Tenn., Mss. Opinion, April term, 1925) (copy attached); Price v. Gunn (Ark., 1914), 170 S. W., 247, 248, L. R. A., 1915C, p. 159; I. C. R. Co. v. People ex rel. Seaton (Ill.), 59 N. E., 609, 610.

We are of the further opinion that as to all the defendants whom the Chancellor released and dismissed complainants' bill, they are guilty of laches and are estopped from escaping the assessments levied against their lands. They stood by and witnessed the improvements being made for years after they had been made proper parties to the proceedings establishing the Big Creek Drainage District. They made no protest as to the creation of the district or assessing their lands for drainage assessments. The same authorities, we have cited as to the appellants, apply with equal force to the appellees in the instant case.

We are of the opinion that the Chancellor was in error in dismissing complainant's bill as to the seventeen defendants whose names have heretofore been set out in this opinion and whose names appear in the decree of the lower court. The assignments of error of Shelby county are sustained.

The assignments of error of the defendants are all overruled. A decree will be entered sustaining complainant's bill as to all the defendants and the complainant will be granted full relief.

This cause will be remanded to the chancery court of Shelby county for the purpose of enforcing this decree. The defendants who appealed will pay one-half of the costs of the appeal, the other half of the costs of the appeal will be paid by the defendants against whom the complainant's bill was dismissed. The costs of the lower court will be paid as decreed by the Chancellor. Execution will issue accordingly.

Heiskell and Senter, JJ., concur.