**Perry J. SHORTRIDGE, et al.,**
**Respondents,**

**v.**

**John E. DAUBNEY, defendant and**
**Third Party Plaintiff, Respondent,**

**v.**

**CITY OF MAPLEWOOD, Defendant**
**and Third Party Defendant,**
**Petitioner, Appellant.**

**Nos. C1–86–1428, CX–86–1430.**

Supreme Court of Minnesota.

July 22, 1988.

John F. Bannigan, Jr., St. Paul, for appellant.

John D. Hirte, St. Paul, for John Daubney.

Daniel B. O'Leary, Richard J. Gabriel, St. Paul, for Perry Shortridge.

Thomas L. Grundhoefer, St. Paul, amicus curiae, for League of Minnesota Cities.

WAHL, Justice.

The determinative issue in this appeal is whether property owners' delay of several years in taking legal action bars them from challenging a special assessment on the basis of a defective notice of hearing. By a split decision, the court of appeals agreed with the trial court, ruling that the defect in the notice rendered the special assessment void. *Shortridge v. Daubney*, 400 N.W.2d 841 (Minn.App.1987). We reverse.

During 1980 and 1981 the City of Maplewood made substantial improvements along Maryland Avenue in Maplewood. In June of 1981 the city mailed a notice of hearing to the property owners affected by the assessment, including Robert Berglund and Perry Shortridge, owners of Beaver Lake Estates, a mobile home park on Maryland Avenue. The notice mailed to Berglund and Shortridge stated that their property would be assessed a total of approximately $208,000. It further provided that the hearing would be held at 7:45 p.m. on July 30, 1981, and that the owners could appeal an assessment to district court pursuant to Minn.Stat. § 429.081 (1986) by serving notice on the city clerk within 20 days after the adoption of the assessment. In fact, the statute gave the owners 30 days, not 20, within which to serve the notice of appeal.

Believing the assessment to be excessive, Berglund contacted Attorney John Daubney, who agreed to meet Berglund at the hearing. The city council called the meeting to order at 7:00 p.m. Thereafter, the city attorney orally announced that the notices were in error and that the statutory appeal period was 30 days rather than the stated 20 days. While it appears that neither Berglund nor Daubney heard the announcement, it also appears that Shortridge, Berglund and Daubney were aware that the appeal period was 30 rather than 20 days.

Berglund orally objected to the proposed assessment during the hearing and, with Daubney's assistance, completed and submitted a form making a formal written objection. The council approved the assessment later that same evening.

The issue as to the validity of the assessment arises in the context of a suit filed by Shortridge and Berglund against Daubney in 1984 for malpractice in not filing an appeal of the assessment in district court pursuant to Minn.Stat. § 429.081 (1986). In 1985 Daubney impleaded the city in order to challenge the city's notice of hearing. Shortridge and Berglund in turn amended their complaint, directly challenging the validity of the notice. The trial court granted a motion by Shortridge, Berglund and Daubney for summary judgment on the validity of the notice, determining that the defect in the notice deprived the city of jurisdiction to levy the assessment and rendered the assessment void, and dismissed the malpractice claim with prejudice.

The city appealed to the court of appeals. Shortridge and Berglund also appealed, seeking reinstatement of the dismissed malpractice claim in the event the city was successful in its appeal. The court of appeals affirmed, ruling that the defect in the notice rendered the assessment void. *Shortridge v. Daubney*, 400 N.W.2d 841, 845–46 (Minn.App.1987). It also agreed with the trial court that the doctrine of laches did not bar the challenge to the assessment. *Id.* at 845. Judge Foley, in dissent, argued *inter alia*, that the defect in the notice did not deprive the city of jurisdiction to levy the assessment and that the doctrine of laches barred the challenge to the assessment. *Id.* at 847 (Foley, J., dissenting). We granted the city's petition for review.

The trial court and the court of appeals based their holdings on our decision in *Klapmeier v. Town of Center of Crow Wing County*, 346 N.W.2d 133 (Minn.1984). In *Klapmeier*, we held that the failure to mention appeal rights in published and mailed notices of special assessment rendered the notices defective and the town

board without jurisdiction to make the special assessment. *Id.* at 136. In reaching that holding, we stated that "[p]roper notice of assessment proceedings is a jurisdictional prerequisite to any action by the town board" and that there "must be strict compliance with statutory notice provisions" under Minn.Stat. § 429.061 (1978). *Id.*

While the notice in the present case contained a technical defect as the length of time within which an appeal to district court may be taken, we need not address the issue of whether the defective notice rendered the city without jurisdiction to levy the special assessment. In *Geib v. Morrison County*, 119 Minn. 261, 138 N.W. 24 (1912), we held that a person who, with knowledge of proceedings to establish a public drain which benefits his land, stands by while such drain is constructed, could not after nearly four years invoke the equity powers of the court to remove the cloud cast upon her land by the assessment on the ground the assessment was made without jurisdiction.

The reasoning in *Geib* applies with equal force here. The notice of special assessment was sent to Shortridge and Berglund in 1981. It was not until 1985 that Shortridge and Berglund, along with Daubney, first alleged that the notice was defective. Shortridge, Berglund, and Daubney delayed four years in challenging the assessment despite having actual knowledge at the time the notice was issued that the period for appeal was 30 rather than 20 days.

Relief will be denied in those cases where "unreasonable delay in asserting a known right, resulting in prejudice to others, * * * make[s] it inequitable to grant the relief prayed for." *Klapmeier*, 346 N.W. 2d at 137 (citing *Fetsch v. Holm*, 236 Minn. 158, 163, 52 N.W.2d 113, 115 (1952)). Municipalities are prejudiced if there is no point in time at which their assessments become final. As *Amicus Curiae* League of Minnesota Cities has noted, neither special assessment proceedings nor the integrity of municipal finances in general can remain intact if special assessments are subject to challenge years after they have been levied. On the record before us, we hold that Shortridge, Berglund and Daubney's delay of approximately four years in challenging the special assessment precludes relief from the assessment based upon a technical defect in the notice of assessment as to the length of time within which an appeal to district court may be taken.

We reverse the decision of the court of appeals and remand for reinstatement of the malpractice claim.

Reversed and remanded.

POPOVICH, J., took no part in the consideration or decision of this case.